# ESTATE OF ELOF NORDQUIST v. LOTTIE SAHLBOM.[1]

May 12, 1911.

Nos. 17,157—(93).

**Will — election by surviving spouse.**

The right given by section 3649, R. L. 1905, to the surviving husband or wife to renounce the testamentary disposition of property made by the deceased spouse, is personal to the survivor, and does not pass to his or her personal representative or heirs.

**Renunciation by insane wife.**

Such a renunciation not having been made by the surviving wife during her lifetime, though at all times subsequent to the death of her husband insane, cannot be made on her death by the administrator of her estate, though it might, perhaps, during her life, and within the time prescribed by statute, have been made by her guardian, or by the probate court for her.

The administratrix of the estate of Christina Nordquist, Lottie Sahlbom, petitioned the probate court for Nobles county to confirm her election, in behalf of her intestate, to renounce the provisions of the last will of Elof Nordquist, husband of the intestate, and in lieu thereof to accept the statutory provisions for the intestate. The executors of the last will of Elof Nordquist and all the devisees thereunder moved to dismiss the application or petition, and the motion was granted by the probate court. From the order of dismissal, the petitioner appealed to the district court for Nobles County. The appeal was tried before P. E. Brown, J., who made findings of fact and as conclusions of law found that the attempted renunciation by the administratrix was null and void; that the probate court had no authority to make such election or to direct such administratrix to make it; that the order appealed from was right and that appellant was entitled to no relief. From the judg-

[1]Reported in 131 N. W. 323.

[Note]   Right of personal representatives to make election for or against will, see note in 11 L.R.A.(N.S) 379.

ment entered pursuant to the findings, the petitioner appealed to this court. Affirmed.

*C. M. Crandall* and *George E. Wilson,* for appellant.

*J. A. Town* and *E. J. Jones,* for respondent.

BROWN, J.

Elof Nordquist was in his lifetime the owner of certain real estate and personal property situated in Nobles county, this state, wherein he resided. On May 6, 1907, he duly made and executed his last will and testament, wherein and whereby he devised and bequeathed a part of his property to his wife, disposing of the remainder to other persons. He died on June 5, 1907, and the will was thereafter duly admitted to probate. At the time of the execution of the will, at the time of his death, and thereafter until her death, the wife was insane, and under guardianship. She died April 8, 1908. The will was admitted to probate October 5, 1907. One Wickstrom then was, and thereafter until her death continued to be, the guardian of the person and property of the insane wife. The wife did not, in writing or otherwise, assent to the terms of the will. Neither did she, nor her guardian, nor the probate court for her, renounce the will and elect to take of her husband's property under the statutes. Subsequent to her death, appellant herein was duly appointed administratrix of her estate, and on December 8, 1908, filed with the probate court on behalf of, and in the interest of, the deceased wife, in the form of a petition, a renunciation of the will, and an election to take for the deceased wife under the provisions made for her by statute. After hearing before the probate court, the petition was dismissed. The administratrix appealed to the district court, where the order of the probate court was affirmed. The appeal to this court followed.

The learned trial court correctly disposed of the case. It is well settled that a husband or wife may dispose of his or her property by will, as they may see proper, subject to the right of the survivor to reject the same and take under the statute. The right to reject the provisions of the will is secured by section 3649, R. L. 1905. The failure to elect within the time and manner therein provided is

equivalent to an assent to the disposition of the property as fixed by the will. Jones v. Jones, 75 Minn. 53, 77 N. W. 551. And though, if the survivor be insane and incapable personally of making the election, it may perhaps be made by a duly constituted guardian, or by the probate court (State v. Ueland, 30 Minn. 277, 15 N. W. 245; Washburn v. Van Steenwyk, 32 Minn. 336, 20 N. W. 324; State v. Hunt, 88 Minn. 404, 93 N. W. 314), the right is personal to the surviving spouse, and does not pass on his or her death to the personal representative or heirs. In re Fleming, 217 Pa. St. 610, 66 Atl. 874, 11 L.R.A.(N.S.) 379; Estate of Andrews, 92 Mich. 449, 52 N. W. 743, 17 L.R.A. 296. The authorities are practically uniform upon the subject, and further discussion of the matter will serve no useful purpose. The authorities are all collected in the notes to the cases last above cited.

Judgment affirmed.