NINTH STREET IMPROVEMENT COMPANY, APPELLANT, v. CITY OF OCEAN CITY, RESPONDENT.

Submitted December 10, 1917—Decided March 4, 1918.

A municipal ordinance will not be set aside *in toto* on *certiorari* because, although otherwise valid, it purports to authorize a penalty in excess of that permitted by statute; and where the attack is primarily on such ordinance and not on any conviction thereunder, the writ of *certiorari* will be dismissed.

On appeal from the Supreme Court, whose opinion is reported in 90 *N. J. L.* 106.

For the appellant, *Clarence L. Cole* and *Babcock & Champion.*

For the respondent, *W. Holt Apgar.*

PER CURIAM.

The attack was on two ordinances in their entirety, and not upon any conviction had under penal provisions in either of them. In such a situation the ordinance will not be held void as unreasonable unless shown to be unreasonable *in toto.* *North Jersey Street Railway Co.* v. *Jersey City,* 75 *N. J. L.* 349, and cases cited. On this phase of the case we concur with the views of the Supreme Court as expressed in the opinion of Mr. Justice Minturn.

We also concur in the decision of that court that the "building code" had stood too long unchallenged on the municipal records to permit of an attack on the procedure of its passage. This makes it unnecessary to express any opinion on the question whether the adoption of the Walsh act by the city validated all pre-existing ordinances whether properly passed or not. We also agree that the "garage ordinance" was generally a valid exercise of the police power.

One point remains, which was not discussed by the Supreme Court, and that is that the building code undertakes to empower the magistrate in prosecutions for its violation, to impose both a fine and imprisonment in his discretion, and such punishment is not authorized by the Charter act. *Pamph. L.* 1897, *p.* 46, § 20. This is quite true, and is conceded by counsel for the city, who properly reply that it does not invalidate the ordinance, but only a conviction and sentence thereunder in excess of the statutory power, the invalid provisions being separable. *Doran* v. *Camden*, 64 *N. J. L.* 666; *Shill Rolling Chair Co.* v. *Atlantic City*, 87 *Id.* 399; *affirmed*, 88 *Id.* 739. But this leads not to an affirmance of the ordinance of 1904, but to a dismissal of the writ of *certiorari*, and to that extent the judgment brought up will be modified.

No costs will be allowed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   12.

*For reversal*—None.

*For modification*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   12.