## No. 9646.

### CITY OF MONTROSE *v.* PRICE.

Decided February 7, 1921.   Rehearing denied April 4, 1921.

Action of city against defendant for the sale of intoxicating liquor.   Judgment for defendant.

#### Reversed.

1. INTOXICATING LIQUORS—*Instructions.* In a prosecution by a municipality under an ordinance prohibiting the sale of intoxicating liquors, a sale being proven, it was error for the court to instruct the jury to the effect, that in order to find defendant guilty, it must appear that he had reason to believe that the liquor sold was to be used as a beverage for the purposes of intoxication, and not as a medicine.

2.    *Medicinal Purposes—Good Faith.* One who sells intoxicants

cannot defend his action on the ground of good faith, by claiming the sale was for medicinal purposes, when he had made no attempt to comply with the provisions of law permitting such sales.

3. EVIDENCE—*Sales by Other Persons.* Evidence of sales of liquor of the same kind by other persons, who were not prosecuted therefor, is inadmissible in a prosecution for the sale of intoxicating liquor.

4. WRIT OF ERROR—*Right of Municipality.* The fact that an act made an offense by municipal ordinance, is also punishable by general statute, does not preclude the city from having an adverse judgment reviewed by an appellate court.

*Error to the County Court of Montrose County, Hon. S. S. Sherman, Judge.*

Mr. HENRY W. CATLIN, for plaintiff in error.

Mr. CHARLES J. MOYNIHAN, Mr. W. H. GABBERT, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THIS cause is before us on error to a judgment of the County Court of Montrose County in favor of defendant in error. The cause was originally begun in the Police Court of said city by a complaint, which charged that the defendant in error "then and there being, as an officer of The Busy Bee Drug and Candy Company, a corporation, did sell and keep for sale and offer for sale intoxicating liquors within the corporate limits of the City of Montrose, etc."

Upon a trial in Police Court, defendant was found guilty, and appealed to the County Court, where judgment was rendered in his favor, as above stated.

The prosecution was under an ordinance of the City of Montrose, which among other things, provided in Section 1 as follows:

"And no person, association or corporation shall, within this city, sell or keep for sale any intoxicating liquors or offer any intoxicating liquors for sale, barter or trade. Provided, however, that the handling of intoxicating liquors for medicinal or sacramental purposes may be done

as now provided by the laws of the state of Colorado."

The ordinance further provided:

"Section 6.   Any person, agent, employee, representative, manager, proprietor, pharmacist, physician, the member or members of any association, the officer or officers of any corporation, or any other person who shall violate any of the provisions of this ordinance within the limits of this City; and any person, association, corporation, whose officers, agent, employee, representative or servant shall violate any of the provisions of this ordinance, shall be deemed guilty of a misdemeanor and be fined not less than One Hundred Dollars ($100.00) nor more than Three Hundred Dollars ($300.00).

Section 7.   The phrase, 'Intoxicating Liquor,' as used herein shall be construed liberally to include intoxicating liquors of every kind and character, which now are in use or which in the future may come into use as a beverage, no matter by what name they may be known or called, and no matter how small the percentage of alcohol they may contain, and no matter what other ingredients may be in them."

From the record it appears that the case was based upon the purchase on a Sunday of two bottles of "Beef, Iron and Wine," which the purchaser drank, and as a consequence thereof became drunk, and was lodged in jail.   On the following day he bought a third bottle.   These purchases were made from a clerk in the store of which the defendant in error was the manager, he being the vice president of the owning company.   The evidence showed that the article contained 20% of alcohol, that it was in fact intoxicating, and that it was in use as a beverage.

Plaintiff in error contends that the court erred in instructing the jury to the effect that in order to find the defendant guilty they must find that he sold the article, or permitted it to be sold, from the store in which he was in charge "as a beverage for intoxicating purposes, knowing or believing or having reason to believe or suspect that it was to be used as a beverage for purposes of intoxica-

tion, and not as a medicine, at the time and place charged in the complaint."

The question then is, must the prosecution, as a part of its case, establish the fact that the accused, in such case as this, sold intoxicating liquor, believing or having reason to believe or suspect that it was to be used as a beverage.

It is pointed out by counsel that the ordinance in question in the matters above cited is a copy of a part of Chapter 98 of the Session Laws of 1915 relating to intoxicating liquors. That part of said act was construed by this court in *McLean v. The People*, 66 Colo. 486, 180 Pac. 676. We there said of the act:

"The act includes within its provisions intoxicating liquors of every kind and character which now are in use, or which in the future may come into use as a beverage, no matter by what name they may be named or called, and no matter how small a percentage of alcohol they may contain, and no matter what other ingredients may be in them."

In that case it was contended that the court erred in refusing to give instructions which limited the operation of the statute to liquors generally and popularly known as intoxicating, unmixed with any other substance; that it did not apply to articles containing alcohol not classed as intoxicating beverages, but used for culinary, medicinal or toilet purposes. The refusal of this instruction was held by this court not to be error. It was also held that it was no error to refuse an instruction to the effect that the sale of intoxicating liquors must have been made either by the defendant personally, or by an agent under his instructions, with his full knowledge and consent.

It was further claimed that an instruction making good faith in the sale a defense, should have been given, but this court held otherwise. This answers the question above stated.

It was pointed out in that case that the handling of intoxicating liquors for medicinal purposes is provided for in the law, and that the defendant, having made no attempt

to comply with that part of the statute which permitted him to handle intoxicating liquors for such purposes, cannot defend upon the ground of his good faith.  We said: "He should have thought of this before and brought himself within the statute which permitted him to handle intoxicating liquors for medicinal purposes."  Upon the authority of that case, it must be held that the court erred in giving instruction number three, as to good faith, and in refusing to give instructions tendered by the plaintiff to the contrary effect.  This, of course, determines also that evidence as to good faith was inadmissible.

The court admitted evidence of the fact that other drug stores kept "Beef, Iron and Wine" for sale, and were not prosecuted.  Defendant in error contends that this evidence was not admitted as a defense, but as having a bearing upon the testimony of the prosecuting witness, the Chief of Police.

If this testimony has any bearing upon the question, it is so remote and indefinite as not to be admissible.  That others sold the article in question and had not been prosecuted, was a matter which, if shown in evidence, might be supposed by the jury to have a bearing upon the question of the defendant's guilt.  Evidence of other offenses having that effect is not admitted, except in a class of clearly defined cases, where such evidence is necessary to show intent, or some other matter pertinent to the issue.  The sale by the corporation, while the store was in the charge of defendant, is a case within the statute.

It is further contended that the city had no right of appeal on the ground that the act made an offense by the ordinance was also punishable by general statute.

This question is determined adversely to defendant in error in *McInerney v. City of Denver,* 17 Colo. 302, 29 Pac. 516, where it is said that there is no reasonable ground for the distinction claimed.

The court having admitted incompetent evidence, and erred in the giving of instructions, and in refusing others, the judgment is reversed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.