## No. 11,712.

### GALLUP, ET AL. v. RULE, ET AL.
Decided April 11, 1927.    Rehearing denied May 2, 1927.

Action to set aside probate of will. Judgment for defendants.

### *Affirmed.*

1. STATUTES—*Enactment.* Section 12, c. 121, S. L. '19, not having been voted on in either house, as shown by the senate and house journals, held ineffective.

2. *Construction.* The contention that in construing statutes courts must accept the enrolled bill and not look to the legislative journals, held not sound in Colorado.

3. WILLS—*Election.* A surviving husband who died without making an election under C. L. § 5185, not to take under the will of his deceased wife, conclusively presumed to have consented to its terms.

4.   *Statutes—Repeal.* Statute prohibiting one spouse from disposing of more than one-half of property away from the other by will without the latter's consent, held not to repeal an act requiring an election to renounce under a will and take under the statute within six months.

5.   *Election.* The right of a surviving husband or wife to renounce under a will disposing of more than one-half of property away from the other under the statute, is a personal privilege which does not pass to the heirs.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. ROBERT EMMET LEE, for plaintiffs in error.

Mr. MORRISON SHAFROTH, Mr. WILL SHAFROTH, for defendants in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiffs in error, plaintiffs below, attacked the will of Elizabeth Gallup. They were defeated in the county and district courts and bring error.

Elizabeth Gallup died August 16, 1923, and left all her property in trust for her husband during his life, remainder to her nieces, defendants in error. September 25, 1923, her husband filed a written waiver of citation and consent to the probate, and died October 25, and on November 5, 1923, the will was admitted to probate. February 13, 1924, the plaintiffs in error, brothers and heirs of the husband, brought an action in the probate court to set aside the probate and at the same time, assuming their right to do so, announced their election to take one-half of the testatrix's property, should the will be sus-

tained. The district court sustained the will and also disallowed their claim of right to elect.

The judgment must be affirmed.

The plaintiffs in error rely upon § 12 of c. 121, S. L. 1919, C. L. 5184: ''That no married man or woman shall by will devise or bequeath away, one from the other, more than one-half of his or her property, without the consent in writing of such other, executed after death of the testator or testatrix.''

The defendants in error claim that that section is not the law. On this point it is enough to say that the Senate and House journals show, what is suggested by reading the act itself, that said § 12, C. L. § 5184, was copied into the enrolled bill by mistake and was never even voted upon by either house, and since their case depends on it, plaintiffs in error must fail.

The claim that we must accept the enrolled bill and not look at the journals is not sound in this state. *Robertson v. People,* 20 Colo. 279, 283, 38 Pac. 326; *Airy v. People,* 21 Colo. 144, 40 Pac. 362; *People ex rel. Elder v. Sours,* 31 Colo. 369, 74 Pac. 167, 102 Am. St. Rep. 34; *Nesbit v. People,* 19 Colo. 441, 36 Pac. 221; *Adams v. Clark,* 36 Colo. 65, 85 Pac. 642, 10 Ann. Cas. 774, and other cases.

But even if this were not so, the result would be the same. The act of 1915, C. L. 5185, which was in force when § 5184 was passed, provides that if the surviving spouse fails to elect in writing within six months after probate to take one-half of the estate, such failure shall be conclusive evidence of consent to the will. The survivor in this case never elected under this act, and it follows that consent to the will is conclusively presumed.

Counsel for plaintiffs in error says that the act of 1919 repeals the act of 1915 by implication. We do not think so. The two taken together provide two ways by which the survivor may consent to the will, by writing or by failure to elect otherwise. The effect is that he may consider the matter for six months and within that time elect whether he will take as legatee or heir, but if he does

not elect, he takes as legatee. A wise and just result. *Radl v. Radl,* 72 Minn. 81, 75 N. W. 111.

It is claimed that the heirs may elect, but we think they cannot. The right is a personal privilege given by the statute to the survivor only. *Nordquist v. Sahlbom,* 114 Minn. 329, 131 N. W. 323; *Fleming's Estate,* 217 Pa. 610, 66 Atl. 874, 11 L. R. A. (N. S.) 379, 10 Ann. Cas. 826; *Estate of Andrews,* 92 Mich. 449, 52 N. W. 743, 17 L. R. A. 296; 40 Cyc. 1973; *Deutsch v. Rohlfing,* 22 Colo. App. 543, 126 Pac. 1123.

These conclusions make it unnecessary to consider other matters in the briefs.

The judgment is affirmed.