## No. 14,249.

### HANDLER *v.* CITY AND COUNTY OF DENVER.
(77 P. [2d] 132)

Decided February 14, 1938.   Rehearing denied March 21, 1938.

54

Mr. Isaac Mellman, for plaintiff in error.

Mr. Malcolm Lindsey, Mr. E. L. Fundingsland for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Defendant was convicted in the police court in the City and County of Denver on charges of vagrancy and gambling. Both cases were appealed to the county court where he was acquitted on the gambling charge, but convicted of vagrancy, fined in the sum of $100 and sentenced to the county jail for thirty days. The city ·did not appeal from the acquittal on the gambling charge. Reversal of the judgment on vagrancy is asked on an application for supersedeas, and both parties join in the request that the matter be decided on the application. The parties will be described as in the trial court.

The facts were that on or about March 26, 1937, several Denver police officers went to a certain room in the Guardian Trust Building at 1544 Welton street, whereupon, being refused admittance, they started to force their way in. They were finally admitted and found the defendant with several others. In the room were several telephones, a direct wire and other paraphernalia used in connection with betting on horse races. A short time thereafter, defendant voluntarily appeared in police court and pleaded guilty to gambling, in connection with

being the one responsible for the installation of this paraphernalia with the ostensible purpose of taking the blame from the other men involved.

While there is some doubt about the exact date of this raid on the gambling den—officer Finnie said it was March 26th—we do not consider it important as affecting the charge of vagrancy in view of the defendant's previous record. The defendant was charged with vagrancy on or about March 2, 1937.

In his assignments of error, defendant contends: (1) That there was lack of evidence to sustain the conviction; (2) that judgment for both fine and imprisonment was not permissible; (3) that the conviction was under improper ordinance. We will consider them in their reverse order, because in our opinion the attack on the ordinance is the most vital.

Defendant was convicted under section 1345, page 784 of the 1927 Denver municipal code, which reads in part as follows:

"A vagrant within the meaning and provisions of this article shall be deemed to be:

"1. Any person able to work and support himself or herself in an honest and respectable calling, trade or business, who lives idly and is without visible means of support. * * *

"6. Any person who shall lead an idle, immoral or profligate course of life; or

"7. Any person who shall be the keeper, proprietor or exhibitor of any gambling table or device or who shall be an assistant or attendant at any gambling table or device; * * *."

Defendant's contention on this point is as follows: He relies on the original vagrancy ordinance adopted by the board of supervisors of the city of Denver in 1885, Supervisors Bill No. 11, Series 1885, which reads in part as follows:

"Section 1. A vagrant within the meaning and provisions of this ordinance shall be deemed to be: Any per-

son able to work and support himself or herself in any honest and respectable calling, trade or business, who lives idly and is without visible means to support himself or herself; *and.*'' Then follow twelve subsections, any of which in conjunction with the above section define a vagrant.

These subsections are identical with paragraphs 2 to 13 inclusive of section 1345 of the 1927 municipal code, supra, except that the conjunction ''or'' is used to connect them.

Defendant, in seeking to rely on the 1885 ordinance, which he contends is still in full force and effect, urges that because of the use of the conjunction ''and'' at the close of the first paragraph in section 1 it is impossible for a man to be convicted of vagrancy unless he is guilty of violating one of the twelve subsections which follow section 1, and that because he was found not guilty of violating subsection ''Sixth'' of the 1885 ordinance—which reads as follows: ''Who shall be the keeper, proprietor or exhibitor of any gambling table or devise, or who shall be an assistant or attendant at any gambling table or devise; or''—that his conviction for vagrancy can not be sustained.

In this conclusion defendant falls into error for three reasons: (1) The original process under which the defendant was arrested and convicted in the police court recited sections 1345 and 1346 of the municipal code charging defendant with vagrancy, which is held to be a sufficient allegation of violation of the municipal ordinance, and since even the 1885 ordinance contained the provision: ''Fifth. Who shall lead an idle, immoral or profligate course of life; or,'' the city had a right to rely upon that, because that is also one of the grounds of vagrancy set forth in section 1345 of the 1927 municipal code, supra. (2) Defendant failed to show that sections 1345 and 1346 of the 1927 municipal code were not in full force and effect. His introduction in evidence of the 1885 ordinance was not in itself sufficient to shift the

burden of proof to the city, thus placing upon the latter the burden of proving that the 1885 ordinance was no longer effective which defendant tried to do by putting the assistant city attorney on the stand for cross-examination. Counsel for the city consistently maintained that the ordinance containing sections 1345 and 1346 of the municipal code was the only ordinance of the city covering the charge of vagrancy. It was incumbent upon the defendant to show in what particulars sections 1345 and 1346 were invalid. When counsel for the city introduced sections 1345 and 1346 of the 1927 municipal code they complied with section 243, chapter 163, volume 4, '35 C. S. A., which recites that such book of ordinances shall be taken and considered as prima facie evidence that such ordinances have been published as provided by law. If a party litigant raises the objection that the ordinance has been changed, the burden is upon him to prove it, and such proof requires more than merely casting a doubt or suspicion upon the validity of the ordinance. He must ''disprove its validity by showing that, as a matter of fact, it was never passed.'' *Chicago & A. Ry. Co. v. Wilson,* 225 Ill. 50, 80 N. E. 56; McQuillin Municipal Corporations (2d ed.) vol. 3, c. 23, §906. *Gallup v. Rule,* 81 Colo. 335, 255 Pac. 463. (3) It is admitted that sections 1345 and 1346 of the 1927 municipal code were quoted verbatim from the 1906 code. They have been, consequently, in full force and effect for thirty-two years, and where a municipal ordinance has for so long a time stood unchallenged it will not be voided because of any irregularity of its passage. In *Ninth St. Imp. Co. v. Ocean City,* 91 N. J. Law 703, 103 Atl. 186, a period of twelve years was held too long.

As pointed out above, the defendant was fined $100 and sentenced to thirty days in jail. Such sentence is not allowed, either under the 1885 ordinance, or under the present ordinance, but so long as the city has waived that portion that goes to imprisonment the imposition of the fine is still good. ''If the section or clause of an

ordinance providing for penalties or punishments contains provisions which may be regarded as separable and distinct the fact that one of the provisions is for any reason void does not invalidate the other." 43 C. J. 552. This is true regarding the fine and imprisonment here, and the judgment as to the fine can stand.

The final ground urged as a basis for the reversal of the judgment is the insufficiency of the evidence. We would be constrained to hold it good, as did the trial court on the gambling charge, but the city was not limited in its case to proof of gambling in supporting conviction for vagrancy. In addition, it chose to rely on paragraph 6 of section 1345, supra, which defines a vagrant as "Any person who shall lead an idle, immoral or profligate course of life." The uncontradicted testimony on this was that the defendant had been found guilty of gambling and vagrancy on previous charges no less than five times. This evidence could also have been received in connection with paragraphs 5 and 13 of said section. *Howard v. People,* 27 Colo. 396, 403, 61 Pac. 595.

Violation of municipal ordinances, being civil in their nature, does not require the strict proof of criminal prosecutions. A preponderance of the evidence indicated defendant was guilty of vagrancy. It may be noted that paragraph 1 of section 1345 of the municipal code, supra, is the gist of the common law offense of vagrancy. It is a present condition or status. 66 C. J. 401. His counsel at the trial made no effort to show that the defendant had any visible means of support other than those which he had received from the course he had been pursuing over a long period of time.

In view of the city's having waived the defendant's imprisonment, let the judgment be affirmed as to the fine, and reversed as to the imprisonment. Supersedeas denied.

Mr. Chief Justice Burke, Mr. Justice Hilliard and Mr. Justice Holland concur.