## No. 14,383.

ESTATE OF LIDEN.

HAUSER, ADMINISTRATOR *v.* FOSTER, ADMINISTRATOR ET AL.

(82 P. [2d] 775)

Decided July 11, 1938.   Rehearing denied September 19, 1938.

Mr. PAUL L. LITTLER, for plaintiff in error.

Messrs. MOYNIHAN-HUGHES, Messrs. BRYANT & STUBBS, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS action involves a trust agreement between Cora E. Liden and Charles Liden, husband and wife, as parties of the first part, and Montrose county, party of the second part, the particular question presented being whether performance of the agreement by the county voided a possible joint tenancy with right of survivorship between the Lidens. The county court of Montrose county held there was no joint tenancy, and decreed that the property involved should go to the heirs and devisees of each of the original owners. Charles Liden died on January 24, 1937, leaving a will, and Cora E. Liden died intestate on February 11, 1937. The administrator of the estate of Cora E. Liden, relying on joint tenancy with right of survivorship, claims the whole of the property, assigns error to the judgment of the trial court, and, in his application for supersedeas, asks that we pass on the merits of the dispute in considering the application, which request is granted.

The trust agreement was as follows:

1. "This contract made between Charles Liden and Cora E. Liden, first parties, and the county of Montrose, a body corporate and politic, acting through the Board of County Commissioners, second party, witnesseth:

"Whereas, first parties are the owners of the following property, to wit:

"Charles Liden

2. "North Half of Lots Thirteen to Seventeen, Block Fifty-four, Town of Montrose, now a part of the city of Montrose.

"Fourteen shares of the preferred stock of the Utah Power and Light Company represented by certificate No. SO18381:

"Cora E. Liden

3. "Thirteen shares of the preferred stock of the Utah Power and Light Company represented by certificate No. SO18382, and,

"Whereas, the said parties of the first part are receiving no income from their property and are destitute for the necessities of life and it is necessary that the county of Montrose make provision for their care and maintenance; and,

4. "Whereas, the said county of Montrose cannot support the said first parties as paupers on account of their holdings of property; and,

5. "Whereas, it is the desire of both parties hereto that the said parties do not sell in the open market the properties above described for the reason that under present conditions the amount realized would be small and soon spent and it is not the fair value thereof, and the said first parties would then become without property and a charge upon the county of Montrose; Therefore this contract and agreement:

6. "First parties contract and agree to transfer and convey to the county of Montrose all of the property above described, including said stock certificates, and said real estate to be held in trust by the said county of Montrose, acting through and by its county commissioners for the following uses and purposes in accordance with the following agreement:

7. "Second party is to hold said property in trust as aforesaid and agrees to advance to the first parties jointly the sum of fifteen dollars ($15.00) per month, the first advance being for the month of June, 1933, and to make reasonable additional advances if necessary on account of ill health or other matters which make said advance necessary for the proper maintenance and keep of said first parties. All of such advances to be charged

against the first parties and the property hereinabove described from the time the same are made, together with three per cent per annum until repayment.

8. "First parties are to have the privilege of residing in the house upon the above described premises.

9. "If the said advances shall at any time reach the point which, in the opinion of the then Board of County Commissioners, shall equal the fair market value of the property above described, then the second party is to have the right to sell and dispose of the said property above described, or so much thereof as shall reimburse it for the advances made together with interest.

10. "If the first parties at any time reimburse the second party for the amount of all advances with interest made to the time of such repayment, then the second party contracts and agrees to reconvey the property hereinabove transferred and convey the same to the respective first parties according to their original ownership. Any moneys collected as dividends upon the said stock is to be credited to the amount thereof advanced to the first parties.

11. "Second party is to have the privilege of insuring the house upon the real estate and from time to time making necessary repairs thereon and any sums so expended to be treated as an advance to first parties under this contract but not to be deducted from the fifteen dollars per month above provided for.

12. "If first parties shall at any time be of the opinion that it would be for the advantage of both parties hereto to sell the property hereinabove described they shall so inform the commissioners of such desire and if, in the opinion of the then board of county commissioners, the price at which said property can be sold is the fair market value of the property, the same shall be sold and the proceeds of the sale credited to the account of the first parties.

13. "In the event of the death of either of the first

parties all the rights of this contract to both of said parties shall inure to the survivor.

14. "In the event of the death of both first parties while this contract is in force, the county of Montrose is to dispose of the property remaining in its hands and covered by this contract at the fair market value and to reimburse itself for any advances and to hold the balance in trust for the heirs or devisees of the first parties, provided the said heirs or devisees of the first parties may upon the payment to the county of Montrose of all moneys advanced by it under this agreement, together with interest, be entitled to have reconveyed the property hereinabove described."

At the hearing the following stipulation was filed:

"It is hereby stipulated in open court that the date of death of Charles Liden was January 24, A. D. 1937, and the date of death of Cora E. Liden was February 11, A. D. 1937; that certificate No. SO18382 for thirteen shares of the preferred stock of the Utah power and Light Company reads as follows: Issued December 4, 1924, to Charles Liden and Cora E. Liden as joint tenants with right of survivorship, but not as tenants in common; and that said certificate is endorsed in blank by Charles Liden and Cora E. Liden under date of June 19, 1933. That certificate No. SO18381 for fourteen shares of the preferred stock of the Utah Power and Light Company dated December 4, 1924, reads as follows: Issued to Charles Liden and Cora E. Liden as joint tenants with right of survivorship, but not as tenants in common and that said certificate is endorsed in blank and signed by Charles Liden and Cora E. Liden under date of June 19, 1933. That both of said certificates have been in the possession of Montrose county, Colorado, since the date of the endorsement. That title of record to the North Half of Lots Thirteen to Seventeen, inclusive, Block 54, Town of Montrose, now a part of the City of Montrose, Colorado, stood in the name of Charles Liden on the date of June 8, 1933; that the said Charles Liden ex-

ecuted, at approximately this said date, deed conveying said property to the county of Montrose, Colorado; that record of title to said property stood in the name of said county at the time of the death of the said Charles Liden and until conveyed by the said county under stipulation of approximately the date of April 14, 1937.

"That the said stock certificates and real estate, above referred to, is the property as described in a contract between Charles Liden and Cora E. Liden, first parties, and county of Montrose, second party, under date of June 8th, 1933."

The court's judgment was as follows:

"Doth find that under and by virtue of the terms of said contract the estate of Charles Liden was entitled to the N½ of Lots 13 to 17, Block 54, Town of Montrose, now a part of the city of Montrose, Colorado, and 14 shares of the preferred stock of the Utah Power and Light Company, represented by certificate No. SO18381; that said estate is entitled to the proceeds of any sale hereafter made by the county of the said above real estate.

"The court doth further find that the estate of Cora E. Liden is entitled to 13 shares of the preferred stock of the Utah Power and Light Company, represented by certificate No. SO18382.

"The court doth further find that at the time of the death of the respective parties none of said property, as above referred to, was held in joint tenancy, but that the ownership of said property was, and is, as set out in the contract hereinabove referred to in said contract."

Plaintiff in error, in seeking to establish the joint tenancy with right of survivorship, relies upon the following language in paragraph 13 of the contract: "In the event of the death of either of the first parties all the rights of this contract to both of said parties shall inure to the survivor," and the language designating the payees in the stock certificates.

Assuming, but not deciding—because the point is

neither raised nor argued—that this language quoted from the agreement is sufficient to be included in the "other than to executors or trustees" exception in section 4, chapter 40, volume 2, '35 C. S. A., C. L. § 4872, which is the permissive statute for creating joint tenancies, the mere fact of the exception does not create the joint tenancy. Resort still must be had to specific language in the instrument itself, and, in case of doubt, to that instrument as a whole. The language above quoted contained in the trust agreement presumably would create a survivorship, if not qualified, but it is qualified. To recall the last paragraph: (14) "In the event of the death of both first parties while this contract is in force, the county of Montrose is to dispose of the property remaining in its hands and covered by this contract at the fair market value and to reimburse itself for any advances and to hold the balance in trust for the heirs or devisees of the first parties, provided the said heirs or devisees of the first parties may upon the payment to the county of Montrose of all moneys advanced by it under this agreement, together with interest, be entitled to have reconveyed the property hereinabove described."

The deed to the land on its face apparently was in fee and unqualified when given to the county. The stock certificates give evidence of being jointly owned, but they can be returned in strict compliance with the terms of the paragraph just quoted without a determination of the legal effect of the language designating the payees, by reassigning the respective certificates to the proper estate.

Both parties are dead. We have no occasion to pass upon any question which might properly have been raised "in the event of the death of either of the first parties." From the language used, it is clearly apparent that under the factual situation confronting the county "the said heirs or devisees of the first parties may upon pay-

ment * * * be entitled to have reconveyed the property hereinabove described."·

This language is fortified by that used in the 10th paragraph of the contract, "then the second party contracts and agrees to reconvey the property * * * to the respective first parties according to their original ownership," and, as has been noted, that "original ownership" is set out in the first few paragraphs of the contract.

Counsel for plaintiff in error refers to the language in the last paragraph as "unfortunate" and unintended. That may be, but courts must pass upon contracts as written, not as if they contained language which might or should have been used. We think the court below was correct in finding that "none of said property, as above referred to, was held in joint tenancy."

An instrument creating a joint tenancy speaks as of the time of the execution of that instrument. A will speaks as of the time of death, therefore, it must follow that if a will creates a situation inconsistent with a joint tenancy, the will must control. In this matter, Charles Liden left a will making the American National Red Cross the principal beneficiary, clearly inconsistent with survivorship, so, as to his estate, the will is controlling. *Walker v. Drogmund*, 101 Colo. 521, 74 P. (2d) 1235. While the will is not before us, it is to be noted that defendant in error Foster is here as "Administrator, with will annexed of the Estate of Charles E. Liden, deceased," and the American National Red Cross, the beneficiary, is here as a proper party. Even though it should be argued that the contract revoked the will, the will still would control because the revoking instrument must itself be a will. *Twilley v. Durkee*, 72 Colo. 444, 211 Pac. 668. A surviving spouse who dies without making an election not to take under the will is conclusively presumed to have consented to its terms and such a right is a personal privilege, which does not pass to the heirs. *Gallup v. Rule*, 81 Colo. 335, 255 Pac. 463.

For obvious reasons, we cannot pass upon the

language employed in the certificates of stock in the Utah Light and Power Company, or decree their payment because that company is not a party here, and we cannot anticipate what defenses, if any, it might have if payment were demanded.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.