No. 15,926.

Manzanares *v.* The People for the use of the Town of Center.
(201 P. [2d] 532)

Decided December 20, 1948. Rehearing denied January 5, 1949.

Mr. RICHARD E. CONOUR, Mrs. ELIZABETH A. CONOUR, for plaintiff in error.

Mr. HARRY M. HOWARD, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

LOLA MANZANARES, to whom we hereinafter refer as defendant, was charged with violating an ordinance of the town of Center, and, on trial before a police magistrate, was found guilty and a fine imposed. She appealed to the county court, where an amended complaint was filed, and, upon trial to a jury, it returned a verdict of guilty. Thereafter the judge assessed a fine and costs and entered a judgment accordingly, to review which, defendant has proceeded here by writ of error.

The ordinance, of which it is charged that section 5 was violated by defendant, is entitled: "An Ordinance Concerning Misdemeanors," and said section 5 reads as follows: "All persons who shall collect in bodies or

crowds for unlawful purposes, or for any purpose to the annoyance or disturbance of any citizens, or who shall by loud and unseemly noise disturb the peace of any family, shall upon conviction, be fined not less than five dollars nor more than fifty dollars."

The specifications of points filed by defendant are seven in number; of these we consider it necessary to consider but one, namely, that the court erred "in fixing the amount of the fine and entering judgment thereon, for the reason that the jury failed to fix such fine."

The record discloses that the verdict returned by the jury is as follows: "We, the jury, duly empaneled and sworn in the above entitled action to try the question of the guilt or innocence of the Defendant of the matters charged in the complaint, do, upon our oaths, find that the said Defendant is guilty as charged in the complaint in said action."

After the verdict was returned, the following court proceedings appear of record:

"And now, on this day, the Court doth fix and set a fine against the defendant, under Section 5 of Ordinance number 12 of the Town of Center, Colorado, in the sum of $20.00.

"Wherefore, it is considered, ordered and adjudged by the Court that the plaintiff do have and recover of and from the Defendant, Lola Manzanares, the sum of $20.00 and costs in this behalf to be taxed by the Clerk of the Court, and that the plaintiff may have execution herefor after ten days from the date hereof. 'Defendant excepts to the verdict and to the entry of judgment thereon.'"

As stated by Justice Helm in *City of Greeley v. Hamman,* 12 Colo. 94, 20 Pac. 1: "In general, proceedings for the violation of city ordinances are held to be civil actions, governed by the principles of law and rules * * * pertaining to civil procedure." See, also, *City of Durango v. Reinsberg,* 16 Colo. 327, 26 Pac. 820; *City of Montrose v. Price,* 69 Colo. 535, 196 Pac. 863; *Handler v. Denver,* 102 Colo. 53, 77 P. (2d) 132.

In *Walton v. Canon City*, 13 Colo. App. 77, 56 Pac. 671, a case involving a situation identical to that presented in the instant proceedings, our Court of Appeals held that where an appeal was taken from the judgment of a police magistrate to the county court and a trial had thereon to a jury, it was the province of the jury, not only to pass upon the question of the guilt or innocence of the defendant, but also to determine and fix the amount of the fine which should be imposed in event of a verdict of guilty; consequently, it was reversible error for the court to submit to the jury only the question of guilt or innocence and, upon a verdict of guilty being returned, to itself assess the fine to be imposed instead of permitting the jury to fix it and enter judgment accordingly. We approve that ruling.

The judgment is reversed and the cause remanded to the county court with instructions to set aside its judgment.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.