546 P.2d 977 (1975)
FULLER & COMPANY, a Colorado Corporation, Plaintiff-Appellee,
v.
MOUNTAIN STATES INVESTMENT BUILDERS, a partnership, et al., Defendants-Appellants.
No. 75-068.
Colorado Court of Appeals, Div. II.
December 11, 1975.
Rehearing Denied January 2, 1976.
Certiorari Denied February 23, 1976.
*978 Banta, Banta & Eitel, Tom L. Eitel, Englewood, for plaintiff-appellee.
Clark, Martin & Pringle, Bruce D. Pringle, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal by Mountain States Investment Builders (Mountain States) from a judgment awarding a broker's commission to Fuller & Company (Fuller). We affirm.
Fuller had obtained an exclusive listing for 10 days on a large apartment complex constructed by Mountain States. This agreement provided that the commission was to be paid over a six-year period, in yearly installments of $20,000. The complex was sold in accordance with the terms of the listing agreement to a group of 11 buyers, one of whom was Dan Kubby, the participating agent for Fuller in the transaction. The sale to the Kubby group involved their assumption of an outstanding mortgage, the making of a substantial down payment, and the execution of an even more substantial note in the amount of $300,000 in favor of Mountain States.
At approximately the same time, Fuller and Mountain States entered into another agreement, (the commission agreement), pertaining to the payment of the commission. This agreement took the form of a letter from Mountain States to Fuller. The evidence is inconclusive as to the identity of the person or persons who prepared this second instrument.
As a consequence of litigation between the Kubby group and Mountain States concerning alleged defects in the construction of the complex, no payments have ever been made on the promissory note. The first payment on the commission was made at the time of closing, but the remainder of the commission has not been paid to Fuller by Mountain States. Fuller instituted this suit to recover the balance of the commission.
Prior to trial, Fuller moved for summary judgment on the basis that the instrument documenting the commission agreement was clear and unambiguous, and that the instruments established Fuller's entitlement to the commission as a matter of law. The motion for summary judgment was denied. Trial to the court was then held. During the course of the trial, extensive testimony was given as to the intent of the parties and the negotiations preceding the execution of the listing and commission agreements. At the conclusion of the trial, the court entered judgment in favor of Fuller.
The issue in this appeal is whether Fuller's commission is presently due under the parties' agreement, or whether it is not yet payable because of the failure of the procured purchasers of the subject property to make payments on the promissory note executed to the sellers, Mountain States, in conjunction with the sale.
On appeal, Mountain States contends that the record demonstrates that the trial court erred in that it considered only the written instruments in arriving at its decision. In this regard, Mountain States asserts that the language contained in the written instruments is ambiguous and therefore, the testimony of the parties should have been considered, and that had it been considered, a contrary result would have occurred.
Although we agree that the record does not establish with absolute certainty the basis of the trial court's judgment, we need not consider that issue since we hold that the instruments documenting the agreement of the parties were clear and unambiguous, entitling Fuller to recover its commission regardless of whether installments were paid under the promissory note.
*979 At the outset, then, we must evaluate the documentation of the agreement between Fuller and Mountain States in order to establish which instruments, if any, embodied that agreement.
The terms of the listing agreement provided for payment of the commission in the following manner:
"$20,000.00 at time of closing and $20,000.00 each year thereafter until paid in full plus interest at the rate of 7 ½ percent per annum on the unpaid principal balance; the total commission is $120,000.00, payable over a six (6) year period."
The commission agreement letter stated, in pertinent part, as follows:

"It has been our agreement that we are to pay you $20,000.00 per year with the first payment being made concurrently with the execution of this letter, and the subsequent payments being made on the first five (5) payment dates of that $300,000.00 Note and Deed of Trust being executed by the Purchasers of our property.
"In the event that we shall be unable to obtain the mortgage from the Prudential Insurance Company of America through no fault of our own, you shall be owed no commission and you shall repay the undersigned owners the $20,000.00 paid herewith.
"On the other hand, if the Prudential Insurance Company of America loan is otherwise not consummated, then the total commission shall only be $20,000.00, and the payment made herewith is full payment.
"The unpaid portion of the commission payable on the dates aforesaid shall bear interest at the rate of 7 ½ percent per annum on the unpaid balance.
"Should said $300,000.00 Note be prepaid in any amount, the commission shall be prepaid to a like proportionate amount." (emphasis supplied)
It is apparent that the commission agreement letter did not supersede the earlier listing agreement, but rather operated to supplement the prior instrument. This conclusion compelled by the language in the commission agreement letter that a commission was due, and by the statement in that agreement referring to the pre-established agreement of the parties.
Where, as here, the agreement between the parties is contained in more than one instrument, those instruments must be construed together as though they comprised a single document. McPhee v. Young, 13 Colo. 80, 21 P. 1014; see Aronoff v. Western Federal Savings & Loan Assn., 28 Colo.App. 151, 470 P.2d 889. Furthermore, in considering whether the particular language employed in an instrument is ambiguous, we do not consider the disputed clause in isolation, but rather base our conclusion on the entire documentation of the agreement evaluated as a whole. Boulder v. Stoffle, 29 Colo.App. 500, 487 P.2d 601.
Upon considering both instruments, we concur with the trial court's decision that the phrase "payment dates" was unambiguous, and that the parties' agreement required the payment of the commission installments on the dates when payments on the Kubby note were due, rather than on the date when the payments were actually made.
The listing agreement differs from the commission agreement letter only in that the letter established the actual date upon which the installments of the commission were to be due, creating but a single contingency which would bar recovery by Fullersuccessful assumption of the Prudential mortgage. Payment of the commission was not made contingent upon timely payment of the Kubby note.
It is argued by Mountain States that the clause providing for pre-payment of the *980 note makes it clear that the agreement of the parties was that payments of the commission installments would not become due until the date that payments on the Kubby note were made. We do not agree. While this clause does provide for a possible acceleration of the due dates of a proportion of the commission, that fact in itself is not determinative. The clause must be considered within the entire context of the parties' agreement. That express agreement was to pay a commission of $120,000, with annual installments of $20,000 per year, without providing for abatement in the event that no payments were received by Mountain States on the Kubby note.
Mountain States argues that the phrase "payment dates" is synonymous with the phrase "date of payments." We do not share this view. Had the clause read "date of payments," it would then obviously refer to the date that payment was actually made, rather than the date upon which the payment was due. Agency of Canadian Car & Foundry Co. v. American Can Co., 258 F. 363 (2nd Cir.); see also Lidke v. Industrial Commission, 159 Colo. 580, 413 P.2d 200. Cf. Mutual Life Insurance Co. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235. However, we must pass on the agreement as it is written, not as if it contained language which might have or should have been used. Hauser v. Foster, 103 Colo. 58, 82 P.2d 775; see Westminster Corp. v. Neptune Uranium Corp., 144 Colo. 281, 355 P. 2d 1095. Where, as here, the language used is plain, clear, and no absurdity is involved, we must declare and enforce the instrument as written. American Mining Co. v. Himrod-Kimball Mines Co., 124 Colo. 186, 235 P.2d 804; People ex rel. Park Reservoir Co. v. Hinderlider, 98 Colo. 505, 57 P.2d 894.
Judgment affirmed.
ENOCH and KELLY, JJ., concur.