Leslie V. WILLIAMS and Christy P. Williams, Plaintiffs-Appellees,

v.

Victor T. VESTMAN, Jack B. Zelinger and Jack D. Feuer, doing business as VZF Group, Defendants-Appellants,

and

Idlewild Associates, a Colorado General Partnership, Anderson Associates, a Colorado General Partnership, and Margaret J. Alt, Public Trustee of Grand County, Colorado, Defendants.

No. 82CA0170.

Colorado Court of Appeals, Div. I.

Feb. 10, 1983.

Rehearing Denied March 10, 1983.

Certiorari Denied Aug. 15, 1983.

Baker & Cazier, John L. Baker, Granby, for plaintiffs-appellees.

Feuer, Flossic & Rich, James A. Kaplan, Englewood, for defendants-appellants.

BERMAN, Judge.

Defendants Victor Vestman, Jack Zelinger, and Jack Feuer, doing business as the

VZF group, appeal a declaratory judgment which granted priority to plaintiffs' deed of trust following a lapse of a two-year subordination period. We affirm.

In 1979, the plaintiffs entered into a sales agreement with Idlewild Associates for the sale of certain real property. Plaintiffs agreed to accept in payment a promissory note from Idlewild for five million dollars. This note was to be secured by, among other interests, a first deed of trust.

The sales agreement also provided that the plaintiffs would be obligated, at Idlewild's request, to subordinate their first deed of trust for the benefit of a third party, in an amount not exceeding two hundred thousand dollars, and for a period not to exceed two years. On June 20, 1979, the plaintiffs subordinated their first lien to VZF in the amount of two hundred thousand dollars as previously agreed to in the sales agreement. The subordination agreement stated that "the maximum amount of time during which the lien of the First Deed of Trust [plaintiffs'] shall be subordinated to the lien of the Second Deed of Trust [of VZF] shall be two (2) years, expiring June 20, 1981."

The VZF note secured by its deed of trust provides for only one payment of the entire balance due on May 20, 1981. It also states that:

"The Payees [VZF], by acceptance of this Note and the documents securing same, agree that the obligations of the Maker under this Note ... will not be enforced by any legal action or proceeding wherein or whereby any personal judgment or decree shall be sought or rendered against the Maker *except for a foreclosure against any or all of the property securing this Note ...*."

Idlewild defaulted on the payment due May 20, 1981, and on May 26, VZF filed a C.R.C.P. 120 proceeding. VZF then sent its Notice of Election and Demand to the Grand County public trustee on May 28.

The plaintiffs sought and obtained an injunction preventing foreclosure until the relative priority of the plaintiffs' and VZF's deeds of trust was resolved. The plaintiffs then successfully sought a motion for summary judgment on the issue of priority, arguing that the subordination of the plaintiffs' deed of trust to VZF expired at the end of the specified two-year period on June 21, 1981, and that plaintiffs thereafter regained their first lien. VZF appeals the trial court's granting of summary judgment.

VZF's position on appeal is that since the subordination agreement is silent as to what stage of the foreclosure proceeding must be completed within the subordination period in order to preserve its first lien, the subordination agreement is ambiguous, and resort to extrinsic aids to construction is necessary.

The members of VZF were aware from the outset that their only remedy upon default was foreclosure. They were also aware that the only payment due under the agreement fell on May 20, 1981—one month before the expiration of the subordination period. By statute, a public trustee sale may not be held less than 45 days after filing the notice of election and demand with the public trustee. Section 38–39–117, C.R.S.1973. Thus, under the agreement's plain terms, even if there were no delays in the foreclosure proceedings, foreclosure could not be completed within the subordination period.

VZF argues that commencement of foreclosure proceedings within the subordination period was sufficient to preserve its first lien beyond the subordination period. This argument is without merit.

The subordination agreement states clearly that plaintiffs' lien would no longer be subordinated to VZF's after June 20, 1981. In this regard, we adopt the reasoning in *Campanella v. Ranier National Bank,* 26 Wash.App. 418, 612 P.2d 460 (1980):

"Had the bank [here, VZF] intended the subordination term to provide for an additional time, it could have so specified in the agreement, but it did not. Second, if this court interpreted the agreement to allow the additional time necessary to complete the foreclosure action, it would

be subjecting the owners to an open-ended extension because the foreclosure could become the subject of protracted trial and appellate court proceedings. This would in effect rewrite the instrument."

"Where, as here, the language used is plain, clear, and no absurdity is involved, we must declare and enforce the instrument as written." *Fuller & Co. v. Mountain States Investment Builders,* 37 Colo.App. 201, 546 P.2d 977 (1976). Here, we agree with the trial court that the subordination term is clearly limited to two years. Thus, VZF's claim of first priority after the expiration of that term must fail.

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.