**COLONIAL PAINTING COMPANY, a Colorado corporation, Plaintiff-Appellee,**

v.

**GEORGIAN HEALTH CENTER, INC., a Colorado corporation, John B. Smith, Bernard J. Smith, Robert C. Smith, William B. Kortum, and Harry Krausman, individually, Defendants-Appellants.**

No. 81CA1253.

Colorado Court of Appeals, Div. I.

Feb. 16, 1984.

Rehearing Denied March 15, 1984.

Certiorari Denied Aug. 13, 1984.

Robinson, Waters, O'Dorisio & Rapson, P.C., Stephen L. Waters, Denver, for plaintiff-appellee.

Sheila H. Meer, P.C., Sheila H. Meer, Denver, for defendants-appellants.

BERMAN, Judge.

Defendants, lessees of a nursing home facility (Georgian), appeal the trial court's findings that a monthly rental increase was due to plaintiff, owner-lessor of the facility (Colonial), for the renewal term of the lease. We reverse.

Plaintiff and defendant entered into a lease on May 31, 1973, for a term of five years, with an option to renew the lease for an additional five-year term. The agreed rental amount was $11,900 per month. If Georgian renewed the lease, the lease agreement provided that:

"[T]he amount of rentals shall be increased or decreased in proportion as the last allowed Lease costs of Lessee *determined by* the Colorado Welfare Department of the first audited Cost Report *(Med-13)* are related to the last audited Cost Report of Lessee occurring during the basic term ...." (emphasis supplied)

Georgian exercised its option to renew the lease for an additional five-year term and continued to pay rent at a rate of $11,900 per month. Colonial sued for increased rent in late 1980. The trial court ordered Georgian's rent increased by 28% because it found, based on a Department of Social Service's Median Property Expense Report, that the "per bed/per year cost" had increased approximately 28% between 1973 and 1978.

We hold that the above-cited lease provision mandated a determination of the rental based solely on a comparison between the Med-13 for the first six-month period of the initial five-year lease (November 30, 1973), and the Med-13 for the last six-month period of that lease (May 31, 1978). That is, depending on a comparison of the lease costs allowed by each of two Med-13's, rental for the next five years was to increase, decrease, or stay the same.

The first audited Med-13, allowed lease costs of $56,159. The last audited Med-13, as adjusted by the auditors for the Department of Social Services, also allowed a lease cost of $56,159. Hence, there being no variance in the allowed lease costs of the two Med-13 reports, the rental for the renewal term should have remained the same as that for the initial term of the lease.

Inasmuch as the lease here fully embraces the subject of the dispute, unequivocally states the parties' intent, and is the document under which Colonial acts to enforce its rights, it is bound by that agreement. *Tumbarello v. Byers*, 37 Colo.App. 61, 543 P.2d 1278 (1975). Simply, the court must apply the agreement as it is written, not as if it contained language which, in the court's opinion, might have or should have been used. *Fuller & Co. v. Mountain States Investment Builders*, 37 Colo. App. 201, 546 P.2d 977 (1975). Therefore, the trial court erred in ruling that the monthly rental increased during the renewal period (June 1, 1978, to May 31, 1983) from $11,900 to $15,232, and by awarding Colonial judgment in the net amount of $133,280 for that additional rent.

The judgment is reversed and the cause is remanded to the trial court with directions to dismiss the complaint.

PIERCE and METZGER, JJ., concur.