**GEORGIAN HEALTH CENTER, INC.,**
Plaintiff-Appellee,

v.

**COLONIAL PAINTING, INC.,**
Defendant-Appellant.

No. 85CA0784.

Colorado Court of Appeals,
Div. I.

April 16, 1987.

Rehearing Denied May 14, 1987.

Sheila H. Meer, P.C., Sheila H. Meer, Nancy P. Tisdall, Denver, for plaintiff-appellee.

Yu, Stromberg & Huotari, P.C., Frederick Y. Yu, Wallis S. Stromberg, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Colonial Painting, Inc. (lessor), appeals the trial court judgment granting partial summary judgment in favor of plaintiff, Georgian Health Center, Inc. (lessee), in the amount of $69,972. Defendant also appeals the trial court's certification of the partial summary judgment as final pursuant to C.R.C.P. 54(b). We affirm.

This dispute arises from a lease agreement between the parties. In 1978, lessor increased lessee's monthly rent pursuant to a rent escalation clause. Lessee objected

to the increase and paid only the originally agreed monthly rental amount. Lessor then filed suit to collect the differential between the two rental amounts.

In 1981, a district court judgment was entered in favor of lessor for the amount of rent accrued as a result of the increase. Lessee then posted a letter of credit for the arrearages and appealed the judgment. However, in September 1981, in conformity with that judgment, lessee began to pay the entire monthly rent, including the increase. It continued to pay the entire rent until May 1983, when the lease expired.

In 1984, this court determined that the rental increase had been improper. *See Colonial Painting Co. v. Georgian Health Center, Inc.*, 685 P.2d 223 (Colo.App.1984). Accordingly, we reversed the 1981 district court judgment and remanded the cause with directions to dismiss lessor's complaint.

Subsequently, lessee filed this action in which it initially sought return of its security deposit under the lease and damages for conversion, and later added a third claim seeking recovery of the additional rent it had paid in conformity with the original judgment. Lessor counterclaimed for damages resulting from an alleged breach of the lease.

Relying upon our decision in *Colonial Painting Co. v. Georgian Health Center, Inc., supra,* and lessor's admission to the actual amount of rent paid during September 1981 until May 1983, lessee moved for partial summary judgment on this claim.

Lessor having made no response to lessee's motion, the district court granted partial summary judgment in favor of lessee on its third claim for relief, and it later certified that judgment as final pursuant to C.R.C.P. 54(b).

I.

■ We first address lessor's contention that the trial court erred in certifying the partial summary judgment as final pursuant to C.R.C.P. 54(b). We find no error.

C.R.C.P. 54(b) provides that:

"When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

In *Harding Glass Co., Inc. v. Jones*, 640 P.2d 1123 (Colo.1982), our supreme court set out a three-step process to determine whether a C.R.C.P. 54(b) certification was proper. First, the trial court must find that the decision to be certified is a ruling upon an entire claim for relief. Second, the decision must be an ultimate disposition of an individual claim. Lastly, the trial court must decide whether there is just reason for delay in entering a final judgment on the claim. While the first two steps are fully reviewable by an appellate court, the last prong is reviewed on a standard of whether there is abuse of sound discretion by the trial court.

First, as to the question of whether the trial court's ruling was on an entire claim for relief, we have held that:

"Claims for relief are 'multiple claims' for purposes of C.R.C.P. 54(b) when a claimant pleads claims for which his possible recoveries are more than one and when a judgment rendered on one of his claims would not bar a judgment on his other claim(s)." *Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385 (Colo.App. 1985).

■ Here, there is little argument that the trial court's ruling was on an entire claim. Although all of lessee's claims arise from the same lease agreement, its claim for overpaid rent is separate in itself. The issue concerning the amount of rent due under the lease was conclusively determined in the earlier appeal. Also, there is no dispute over the actual amount of rent paid during the months at issue. Accordingly, the rights and liabilities pertaining to this issue have been fully litigated, and thus, because this claim has no effect on the resolution of lessee's other claims, the ruling on this claim would not bar a judgment on either of the others. Therefore,

the trial court's decision was on an entire claim within the meaning of C.R.C.P. 54(b). *See Corporon v. Safeway Stores, Inc., supra.*

■ There is no question that the trial court's decision was an ultimate disposition of the entire individual claim. The earlier ruling on appeal, coupled with lessor's admission regarding the amount of overpaid rent, ultimately disposed of lessee's third claim for relief. As we have noted, the disposition of this claim had no effect upon lessee's other claims. Thus, the judgment rendered on lessee's third claim for relief would not bar a judgment upon its other claims. *See Corporon v. Safeway Stores, Inc., supra.*

■ Finally, lessor primarily contends that the trial court abused its discretion in determining that there was no just reason to delay the entry of certification. We disagree.

In the present case, the earlier appeal disposed of all issues concerning the amount of rent due under the lease. It is uncontested that the additional amounts of rent were paid pursuant to the 1981 judgment. Thus, there is no dispute regarding the amount of money which was wrongfully paid to the lessor. Therefore, lessor has been in possession of monies rightfully belonging to lessee. This issue has been conclusively resolved. Accordingly, we find no abuse of discretion in certifying this judgment as final.

## II.

Lessor also contends that the trial court erred by entering a money judgment as a partial summary judgment while there was a possibility of a set-off because of existing counterclaims. We disagree.

C.R.C.P. 56(d) provides that:

"[T]he court ... shall if practicable ascertain what material facts exist without substantial controversy.... It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy...."

■ The trial court correctly ruled that there was no substantial controversy existing with regard to the material facts involved in lessee's third claim for relief. The amount of rent due under the lease was conclusively resolved in the earlier appeal, and the amount of rent actually paid was undisputed. Therefore, the material facts showed that there was no substantial controversy in regard to the amount of damages pertaining to lessee's third claim for relief. The possibility of a set-off from counterclaims pertaining to separate issues did not create a substantial controversy with regard to the material facts of lessee's third claim for relief. Accordingly, we find no error in the granting of partial summary judgment.

Plaintiff's claim for attorney fees incurred as a result of this appeal is hereby denied.

Judgment affirmed.

KELLY and METZGER, JJ., concur.