## No. 10,735.

### CROSWELL *v*. THE PEOPLE.

Decided February 4, 1924.

Plaintiff in error was convicted of robbery with a gun.

### *Affirmed.*

1. CRIMINAL LAW—*Penalty—Conflicting Statutes.* If there is an irreconcilable conflict as to sentence between two sections of different statutes, the later act prevails.

2. *Statutes—Construction.* While criminal statutes must be strictly construed, yet the construction should not be such as to destroy the evident intention of the lawmaking body.

3. *Sentence—Statutes—Construction.* In construing the phrase, "crimes involving the penalty of imprisonment for life," it is held that life imprisonment is involved when it may—not must —be inflicted as the result of a verdict.

   Sentence of a minor defendant to the penitentiary instead of to the reformatory, upheld.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN M. GLOVER, for plaintiff in error.

MR. RUSSELL W. FLEMING, Attorney General, Mr. HAROLD CLARK THOMPSON, Assistant, for the people.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

DEFENDANT was informed against for robbery with a gun which, under section 6718, C. L. 1921, passed in that year, is visited with a penalty of imprisonment in the penitentiary for life, or for a term of not less than ten years. The defendant, who at the time of sentence was eighteen years of age, was sent to the penitentiary for a period of not less than ten, nor more than fourteen years. The error here assigned is to the penitentiary sentence, the defendant asserting that the place of imprisonment is the state reformatory. This contention is based upon the theory that our general robbery statute cited, upon which the information was based, is qualified by, or is to be construed in connection with, section 7123, C. L. 1921, found in the state reformatory statute passed in 1911, which provides that "Courts having criminal jurisdiction in Colorado shall sentence to the state reformatory all male persons, and none other, duly convicted before them of felony for the first time, who shall at the time of sentence be of the full age of sixteen (16) years and not more than twenty-one (21) years of age; * * *; *Provided,* That they shall sentence to the state penitentiary at Canon City any male persons between the ages of sixteen and thirty who shall be convicted of crimes involving the penalty of imprisonment for life, or the crime of murder in the first or second degrees or voluntary manslaughter."

1. If there is an irreconcilable or substantial conflict as to the sentence between these two sections of different

statutes, the later one of 1921 prevails. It reads: "Every defendant found guilty of robbery shall be confined in the penitentiary for a term of not less than ten years, or for life," when the offense is committed with a gun, and in certain other designated. circumstances. In the earlier statute of 1911 the sentence, as to felonies and for a first offense, is restricted to certain male persons, as determined by age and the character of the offense. Thereby, except as to crimes involving life imprisonment, murder of either degree, or voluntary manslaughter, the place of imprisonment may be the reformatory or penitentiary at the discretion of the trial judge, but as to the more heinous offenses, imprisonment shall be in the penitentiary. As the parties have not discussed the question suggested as to the inconsistency, we shall not further consider it, but, lest our silence might be misinterpreted, we say that possibly the later statute alone should be looked to in ascertaining the place of imprisonment for crimes of the class specified therein. We shall, however, assume with counsel that the question for decision may be, though we do not say it must be, determined from the meaning of the two statutes construed together as one enactment, or that there is present a situation where one statute, relating to a specific class of persons and the other to persons generally, may be so interpreted as to give effect to both as one harmonious whole.

2. The specific question, therefore, is the meaning of the phrase, "crimes involving the penalty of imprisonment for life." The contention of the state is that life imprisonment is "involved" in a crime when that penalty *may* be inflicted in pursuance of the verdict. The position of the defendant is that life imprisonment is only "involved" when it *must* be inflicted in consequence of the verdict. Defendant invokes the familiar rule that criminal statutes must be strictly construed. There is no doubt that is a well-known and recognized rule. Any ambiguity must be resolved in favor of the defendant, yet a statute should not be so strictly construed against the state and in favor of

the accused as to destroy the evident intention of the law
making body. *Sheely v. People,* 54 Colo. 136, 137, 138, 129
Pac. 201.

Counsel for defendant cites and relies upon *Wechter v.
People,* 53 Colo. 89 (124 Pac. 183), particularly the opin-
ion on the rehearing at page 99. He says that by the de-
cision there, life imprisonment is "involved" only when it
must be, and when such is, the penalty imposed, not by the
statute, but by the court. It is true that this reformatory
act now before us was there construed by the court, but
not as defendant here contends for. The court did say that
when the penalty imposed is life imprisonment the place of
confinement is the penitentiary, but it did not say that the
place of confinement might not be, or was not, in the peni-
tentiary when the penalty is imprisonment for a term of
not less than ten years. Neither did the court say that
the sentence pronounced by the trial judge, and not the
statute, determines or fixes the place of imprisonment.
The place of imprisonment is where the statute declares
that it must be, and the pronouncement by the judge is the
statute speaking through him as its agent or representa-
tive. The court in the Wechter Case did not say, or intend
to say, that life imprisonment is only involved when that
penalty, and none other, must be inflicted in consequence
of the verdict. Indeed, the court there said that the act
did not purport to fix penalties at all, but merely excluded
male persons from its operation in certain cases.

We find no ambiguity in the phrase quoted. The lan-
guage employed interprets itself. No construction is nec-
essary. Webster gives as one meaning of "involve", "to
include or contain." Unquestionably one penalty for ag-
gravated robbery is imprisonment for life; another is im-
prisonment for not less than ten years. Certainly aggra-
vated robbery is a crime involving life imprisonment, for
that is a penalty, not the only one, however, which the
statute imposes. Section 7123, relating to imprisonment
in the reformatory, expressly provides that male persons

between the ages of sixteen and thirty, who shall be con-
victed of a crime involving the penalty of imprisonment
for life, shall be sentenced to the state penitentiary. The
trial judge still has the discretion under either or both of
these statutes to sentence a minor convicted of a felony
either to the reformatory or to the state penitentiary, ex-
cept where the penalty involves imprisonment for life, or
the crime of murder in the first or second degree or volun-
tary manslaughter, and in that case imprisonment must be
in the penitentiary.

3.   If there were any doubt about this construction of
the statute, it vanishes when we consider that under sec-
tion 7123 imprisonment must be in the penitentiary where
a male person is convicted not only of a crime involving
the penalty of imprisonment for life, but also for murder
in the first or second degree, or voluntary manslaughter.
If defendant's contention is right, then the expression
"crimes involving the penalty of imprisonment for life," is
meaningless and the language referring to the crimes of
murder and manslaughter, might as well be omitted from
the statute.   And this is so because under our murder
statute, which fixes the penalty for the various degrees of
homicide, the only crime to which section 7123 would be
applicable under defendant's theory, is murder in the first
degree where the verdict is based upon circumstantial evi-
dence alone, although the General Assembly expressly says
that it is also applicable to other degrees of homicide.   The
penalty for murder in the first degree shall be death or
imprisonment for life, but no person shall suffer the death
penalty who shall have been convicted on circumstantial
evidence alone.   We must suppose the General Assembly
had some rational intention in enacting the reformatory act
and that all the words which it used have their ordinary
meaning.   By holding that the expression "crimes involv-
ing the penalty of imprisonment for life" means what it
says, namely, that for conviction of crimes for which a
penalty may be, not must be, inflicted require that impris-
onment shall be in the state penitentiary, we are merely

carrying out the plainly expressed intention of the law-making power. Unless forced to do so by the unequivocal language of the statute, we should not place upon it a construction that for a conviction of aggravated robbery when committed by a male person eighteen years of age, imprisonment must be only in the reformatory, but if the same crime is perpetrated by a female person, of the same age, she must be sentenced to the state penitentiary. That unjust and discriminatory result would happen if we should hold with the defendant that "life imprisonment is involved" only when it must be inflicted as the result of the verdict. We decline to make a decision so manifestly unjust, unnatural and strained. The trial court was right in its sentence and its judgment must be affirmed.