No. 16,380.

SNYDER v. CITY AND COUNTY OF DENVER.
(227 P. [2d] 341)

Decided January 22, 1951.

Mr. James T. Burke, Mr. Paul A. Ruston, for plaintiff in error.

Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, Mr. Burton Crager, Mr. Richard M. Lee, Mr. David V. Dunklee, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

HARVEY SNYDER was charged in the municipal court of the City and County of Denver with a violation of sections 55-56-57 of Ordinance No. 16, Series of 1943 as amended, and upon trial was found guilty of a violation of said section 55, and judgment rendered against him for the sum of $75 and costs. Thereafter he perfected an appeal to the county court, where, upon trial before a jury, its verdict was returned finding him guilty of a violation of said section 55 and assessing a fine in the sum of twenty-five dollars, upon which verdict judgment was entered, to review which Snyder brings the cause here by writ of error.

We will hereinafter refer to the City and County of Denver as plaintiff and to Snyder as defendant, as the parties appeared in the municipal and county courts.

The evidence on behalf of plaintiff was that of two police officers and the traffic engineer of the city. According to the testimony of the police officers, at about 8:50 P.M., on January 16, 1949, they were responding to a call in the neighborhood of Twenty-third and Champa streets and noticed defendant driving his automobile in a southerly direction on Twenty-third street. At the intersection of Twenty-third and Champa. streets he drove through a red light. Thereupon the officers flashed the red light in their automobile and sounded their siren for the purpose of having defendant drive his car to the side of Twenty-third street and stop for investigation. After defendant had proceeded to Twenty-third and California streets—a distance of approximately two blocks—he was stopped, and the officers alighted and approached his automobile; they opened the door of his car, detected a strong odor of whiskey; and found that defendant was, according to the testimony of these witnesses, under the influence of whiskey to such an extent that it was unsafe for him to be driving an automobile on the city streets. Defendant was arrested, "taken to the police building, and immediately taken into the doctor's office and given a sobriety, by the police doctor."

One of the officers, while testifying, referred to a "Denver Police Department Motor Vehicle Intoxication Report" which he said was made by him at the time defendant was in the "police doctor's" office undergoing the sobriety test. No objection was interposed to the use of said report by the witness for refreshing his recollection, and he testified that in answer to questions propounded by him defendant admitted that he had been drinking whiskey, stating that the amount consumed made no difference; that he was not under the doctor's care or taking medicine, and had suffered no injury resulting from any accident. The officer further testified that at the time the record was made the odor of alcohol on defendant's breath was strong; his face was flushed; his clothes were orderly; he was polite and talkative; his eyes were watery and bloodshot; he was swaying and was wobbly when walking; his speech was slurred, and the effects of alcohol were obvious; and that his ability to drive was greatly impaired. This witness' testimony was corroborated in part by his fellow officer.

Plaintiff, before resting its case in chief, called the traffic engineer, who testified that on January 16, 1949, there was no traffic light at the intersection of Twenty-third and Champa streets, but that there was a four-way stop sign there.

Defendant, a passenger in his automobile, and four other witnesses, testified in his behalf. According to defendant and his passenger—who had been with him the entire afternoon and evening preceding his arrest—defendant had taken but one drink of alcoholic liquor at some time in the early evening of that day, and the other witnesses, who had observed defendant subsequent thereto, testified that he was not under the influence of liquor. The jury, as we have said, found defendant guilty.

The specifications of points are nine in number and are presented here as follows: 1. There was no evidence

of improper driving, and the evidence does not sustain the charge of driving under the influence of liquor; 2. the jury was not fully instructed as to the penalty; 3. improper and prejudicial evidence was admitted.

The pertinent part of the ordinance of the City and County of Denver which defendant was found guilty of violating reads: "It shall be unlawful for any person * * * who is under the influence of intoxicating liquor * * *, to drive any vehicle upon any street or other public way; provided, however, that only the odor of liquor on the breath shall not be sufficient evidence of intoxication."

■■ 1. From the uncontradicted evidence it appears that defendant, at the time of his arrest, was driving an automobile on the streets of the City and County of Denver, and it is wholly immaterial whether he had driven his automobile through a red light or a stop sign. A person "is under the influence of intoxicating liquor," as that phrase is used in the ordinance in question, when he has taken a drink of alcoholic liquor which affects him so that in the slightest degree he is less able, either mentally or physically or both, to exercise a clear judgment and with steady hands and nerves operate an automobile with safety to himself and to the public, and when this mental and physical condition exists after imbibing intoxicating liquor, even though the person has had only one drink thereof, he "is under the influence of intoxicating liquor" as those words are used in the ordinance in question. There was competent evidence before the jury from which it could properly find that defendant was under the influence of intoxicating liquors at the time he was driving on the streets of Denver, and, if so, he was guilty of violating the ordinance. It is immaterial that defendant, at the time of his arrest, was not violating an ordinance regulating the speed of automobiles; likewise it is immaterial that he was not at the time of his arrest driving from side to side of the street; also it is immaterial that he had not

theretofore been involved in any accident. The ordinance, for a violation of which defendant was found guilty, was one to prevent those under the influence of intoxicating liquor from driving an automobile on the streets of Denver and thereby endangering the lives and property of others, as well as himself.

■ 2. One of plaintiff's witnesses, as hereinbefore stated, refreshed his recollection from an "intoxication report" made by him at or about the time of defendant's arrest, and, upon the request of defendant's counsel, said report was handed to him. He thereupon used it in cross-examination of the witness by a detailed and categorical reference thereto and by basing his questions thereon. Plaintiff's counsel thereafter had the officer's "intoxication report" marked as an exhibit and offered the same in evidence, and defendant's objection thereto was overruled. Under the circumstances as hereinbefore detailed, error, if such it was, in admitting the said "intoxication report" in evidence, was harmless.

■ 3. A prosecution for the violation of a city ordinance is a civil, as distinguished from a criminal, action. *City of Greeley v. Hamman,* 12 Colo. 94, 20 Pac. 1; *Manzanares v. People,* 119 Colo. 156, 201 P. (2d) 532.

Under this specification, as we understand from counsel's briefs, defendant takes the position that it was incumbent upon the trial court to instruct the jury not only as to the penalty for the violation of said section 55, but, in addition thereto, to advise it that its verdict of guilty would be mandatory upon certain state officials to immediately revoke defendant's driver's license. No instruction so advising the jury was tendered by defendant, and the objections to the court's instructions lack clarity.

· Counsel call our attention to the opinion of *Walton v. Canon City,* 13 Colo. App. 77, 56 Pac. 671, wherein is the statement: "In this proceeding upon appeal, therefore, the jury is substituted for the police magistrate. It must find all questions of fact at issue between the two

parties, and in this instance this is the guilt or innocence of the accused, and equally so the amount of the penalty to be inflicted. In other words this proceeding or civil action being in the form and nature of an action for the recovery of a debt, the jury must find not only the existence but the amount of the debt."

In the present case, under the complaint, the only questions of fact for the jury's determination were the guilt or innocence of the defendant and the penalty, within the limitations of the ordinance, which should be assessed in event its verdict was guilty. Whether, upon the conviction of a violation of the ordinance, it became the mandatory duty of officials other than plaintiff to revoke defendant's "driver's license" is a matter with which the jury on the trial was not concerned, and one which we need not here consider.

There was, as we have said, proper, competent evidence before the jury, upon which it might base a verdict of guilty, and, having done so, and having fixed the penalty within the limitations provided in the ordinance, we will not interfere therewith.

Accordingly, the judgment is affirmed.

MR. JUSTICE HOLLAND does not participate.