**Phillip BLAKEY, Petitioner,**

v.

**BOARD OF COMMISSIONERS OF the DISTRICT OF COLUMBIA, Respondent.**

No. 2939.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 11, 1961.

Decided Jan. 24, 1962.

Samuel B. Block, Washington, D. C., for petitioner.

H. Thomas Sisk, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for respondent.

Before HOOD and QUINN, Associate Judges, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Following a hearing, petitioner's motor vehicle operator's permit was revoked on a finding that he had operated his automobile in such a manner as to show a flagrant disregard for the safety of persons and property.[1]

These are the facts: On the evening of March 25, 1961, petitioner attended a gathering at a friend's home where he consumed some intoxicating liquor. At approximately 3:30 the following morning he decided to return home. He was asked if he "could make it" and replied, "Sure." Before leaving he was given a partially filled bottle of liquor. After driving a few blocks, petitioner realized he was in no condition to proceed and pulled over to the curb to "sleep it off." Two police officers, in the vicinity to investigate housebreakings, noticed the slow movement of petitioner's car. Becoming suspicious, they approached the now parked vehicle, at which point petitioner started to drive away. The police stopped him, noticed the liquor bottle on the front seat, observed his condition, and placed him under arrest. At the precinct, petitioner voluntarily submitted to a urinalysis which registered an alcohol content of .32.[2]

An information was filed charging petitioner with driving while under the influence of intoxicating liquor. This was later nol-prossed and other informations substituted charging minor violations, to which petitioner entered pleas of guilty. Thereafter the Department of Motor Vehicles issued a rule to show cause why petitioner's permit should not be suspended or revoked. At the hearing an order of revocation was issued, from which an appeal was taken to the Director of Motor Vehicles. After review, the order was approved, and petitioner now seeks judicial review.

Although there are several contentions, the principal one is that the findings are unsupported by the evidence. Petitioner urges that the hearing officer refused to consider all the extenuating circumstances, that while he did drive under the influence of alcohol, he demonstrated due care by parking his vehicle as soon as he realized his unstable condition. In other words, he contends that he was a careful drunken driver.

It is conceded that petitioner operated a vehicle while intoxicated. A motorist in this condition is deprived of the clear judgment and steadiness of hands and nerves

---

1. Section 5(a) of Part V, Traffic & Motor Vehicle Regulations for the District of Columbia, provides: "Notwithstanding any of the other provisions of this order, the Director of Motor Vehicles, after giving notice and opportunity for hearing, is hereby authorized in his discretion to suspend or revoke the motor vehicle operator's permit or operating privilege of any individual who, in his opinion, * * * has driven a motor vehicle in such manner as to show a flagrant disregard for the safety of persons or property."

2. Code 1961, § 40–609a(a) (3) provides that if a " * * * defendant's urine contained twenty one-hundredths of 1 per centum or more, by weight, of alcohol, such proof shall constitute prima facie proof that defendant at such time was under the influence of intoxicating liquor."

necessary to operate an automobile with safety to himself and to the public.[3] Unquestionably, petitioner's condition rendered him a potential menace to the safety of persons or property.[4] Initially, he should have made the decision not to drive, especially when there was doubt in the minds of his friends as to his ability to do so. The fact that petitioner parked his vehicle as soon as he realized his impaired condition was a mitigating factor; it did not, however, prohibit the Director of Motor Vehicles from issuing a rule to show cause why his permit should not be suspended or revoked, and after a full hearing, revoking it.

Affirmed.

---

3. Snyder v. City and County of Denver, 123 Colo. 222, 227 P.2d 341, 343 (1951).

4. Patton v. People, 114 Colo. 534, 168 P.2d 266 (1946).