Frederick J. CAMPBELL, Petitioner,

v.

George A. ENGLAND, Director of Motor Vehicles of the District of Columbia, Respondent.

No. 3071.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 22, 1962.

Decided Nov. 27, 1962.

Roy Garvin, Washington, D. C., with whom Robert A. Harris, Washington, D. C., was on the brief, for petitioner.

Joseph G. Hitselberger, Asst. Corp. Counsel, with whom Chester H. Gray, Corp.

Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

The case is here for review of an order of the Director of Motor Vehicles, revoking petitioner's operating permit, on the ground of alleged "flagrant disregard for the safety of persons or property."

One night an automobile driven by one Parker (who was not a party to this proceeding) struck a pedestrian. Parker stopped his auto in the middle of the street and went for help. The pedestrian was left lying in the street in front of the Parker auto, his feet extending just to the right of the standing automobile.

■ Petitioner, driving his taxicab, approached the scene from the rear of the empty Parker automobile. It was rainy; the streets were wet, and visibility was limited by fog and mist. There were no street lights there and it was dark. Petitioner thinking that the Parker automobile was stalled passed it on the right at a speed of about 15 m. p. h. As he cut back to his left he heard the "bump" of his wheels, and later learned he had passed over the pedestrian's lower legs. The police report stated that there were no skid marks. Petitioner said he did not see the pedestrian lying in the street. The pedestrian died the following day and at a coroner's inquest it was determined that death was caused by his head injuries; and petitioner was exonerated of any blame for the fatality.

The Department of Motor Vehicles brought these charges, and after hearing, ordered petitioner's permit revoked, on the ground that he had operated his automobile in such a manner as to show a flagrant disregard for the safety of persons or property.[1] Although petitioner has raised a number of points, we need consider only one: whether the evidence was sufficient to sustain the finding resulting in revocation.

■ The power vested in the Director of Motor Vehicles by the cited section is one to be exercised judicially, not arbitrarily.[2] The facts must support such a finding, otherwise the finding lacks a legal basis,[3] and reveals an abuse of discretion.

The government argues that the finding was justified because the petitioner passed a standing vehicle on the right and failed "to see what was there to see." We think such conclusion is not warranted by the circumstances confronting this driver, including the conditions of weather, lighting and visibility.

■ Assuming that petitioner could have seen the pedestrian, it does not follow that his failure to do so of itself amounted to operating his vehicle in flagrant disregard of the safety of persons or property. The word flagrant, when present in a statute or

---

1. Section 5(a) of Part V, Traffic & Motor Vehicle Regulations for the District of Columbia, provides: "Notwithstanding any of the other provisions of this order, the Director of Motor Vehicles, after giving notice and opportunity for hearing, is hereby authorized in his discretion to suspend or revoke the motor vehicle operator's permit or operating privilege of any individual who, in his opinion, * * * has driven a motor vehicle in such manner as to show a flagrant disre-

gard for the safety of persons or property."

2. LaForest v. Board of Commissioners, 67 App.D.C. 396, 92 F.2d 547, cert. denied, 302 U.S. 760, 58 S.Ct. 367, 82 L.Ed. 588; Ritch v. Director of Vehicles & Traffic of D. of C., D.C.Mun.App., 124 A.2d 301.

3. See Blakey v. Board of Com'rs of District of Columbia, D.C.Mun.App., 177 A. 2d 269.

regulation, imports behavior which is open, notorious or wilful in nature.[4] It means conduct which is shocking or outrageous. We cannot agree that petitioner's conduct can be so described.

Reversed.

---

4. Jones v. Board of Control, Fla., 131 So.2d 713; People v. Salmon, 148 Cal. 303, 83 P. 42, 2 L.R.A.,N.S., 1186.