**Anne E. CALDWELL, Petitioner,**

v.

**George A. ENGLAND, Director of Motor Vehicles of the District of Columbia, Respondent.**

**No. 3454.**

District of Columbia Court of Appeals.

Argued April 13, 1964.

Decided May 14, 1964.

---

Paul H. Mannes, Washington, D. C., with whom Alan H. Kaplan, Washington, D. C., was on the brief, for petitioner.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from an order of the Director of Motor Vehicles suspending petitioner's operator's permit. Petitioner contends that the evidence was insufficient to support a finding that she operated a motor vehicle in "flagrant disregard for the safety of persons or property." We agree.

On January 3, 1964, petitioner's automobile was involved in a collision with a second automobile. As a result of the collision the second vehicle went out of control striking a pedestrian, who died shortly thereafter. The only witness at the hearing was an officer who had investigated the accident. He testified that the tentative cause of the collision was that petitioner had passed a red light.[1] However, he also testified that there was no indication of excessive speed on petitioner's part or that she was under the influence of drugs or alcoholic beverages. When asked whether petitioner was driving in a willful or wanton manner in disregard for the rights of others, he replied negatively. He admitted that the pedestrian would not have been struck had the operator of the second automobile maintained control of his car. The officer concluded by stating, " * * * I think that, if anything, there is a question of too much attentive driving. I think she was overabsorbed in carefulness, * * *."

We have previously had occasion to consider the regulation here in question and have ruled that the word "flagrant" means conduct which is shocking or outrageous. It connotes behavior which is open, notorious or willful in nature. Campbell v. England, D.C.Mun.App., 185 A.2d 726, 728 (1962). In view of the officer's testimony we cannot agree that petitioner's conduct comes within this rule. Accordingly, the order suspending petitioner's operator's permit is reversed.[2]

It is so ordered.

---

1. There were eleven traffic signals at the intersection.

2. Respondent's contention that the order is sustainable as a temporary suspension pending the outcome of criminal charges is not supported by the record.