James Madison **HOARD**, Petitioner,

v.

William D. **HEATH**, Director, Department of Motor Vehicles of the District of Columbia, Respondent.

No. 5122.

District of Columbia Court of Appeals.

Argued May 11, 1970.

Decided June 26, 1970.

Lawrence P. Lataif, Washington, D. C., for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

PER CURIAM.

This is an appeal from an order of the Department of Motor Vehicles of the District of Columbia suspending petitioner's operator's permit for a period between his arrest and criminal trial. The trial later resulted in a finding of not guilty, whereupon the Department restored petitioner's permit and operating privileges.[1] Consequently, the only issue here is whether the suspension order previously entered may stand.

The police officer testified at the hearing before the examiner that petitioner stopped his vehicle in the left (fast) lane going eastbound on Suitland Parkway adjacent to an accident which had taken place previously in the westbound lane. The officer approached petitioner to require him to move his car from the scene so as to avoid a rear-end collision but, after observing him, placed him under arrest for driving while under the influence of intoxicating liquor. The officer had noted the usual symptoms of intoxication, which he enumerated; and he had discovered a half-pint bottle of whiskey, three-quarters gone, on petitioner's person. Petitioner, on the other hand, disputed the officer's testimony in all material respects. Finding that petitioner had operated the vehicle while under the influence of intoxicating liquor, the hearing officer concluded that he had operated the car in such a manner as to show a flagrant disregard for the safety of persons and property. The Director of Motor Vehicles later affirmed the suspension order.

1. The government does not contend, however, that such action rendered this case moot.

Petitioner contends, in essence, that the evidence against him was not substantial enough to warrant the finding that he showed a flagrant disregard for the safety of persons and property.[2] This court has held that operating an automobile while under the influence of intoxicating liquor constitutes an act warranting this finding.

Blakey v. Board of Commissioners, D.C. Mun.App., 177 A.2d 269 (1962).

Our review of the record shows the findings were clearly supported by substantial evidence,[3] and the order is

Affirmed.

2. Petitioner's assertion that this finding was based upon the mere fact of the arrest is without merit.

3. D.C.Code 1967, § 17-305(b) (2) (E).