## No. C-255

**Lester R. Thompson v. The People of the State of Colorado**
(510 P.2d 311)

Decided April 9, 1973. Opinion modified and as modified rehearing denied June 11, 1973.

196

Valjean H. McCurdy, for petitioner.

Jarvis W. Seccombe, District Attorney, Dale Tooley, District Attorney, Frederic B. Rodgers, Deputy, Brooke Wunnicke, Chief Appellate Deputy, for respondent.

MR. JUSTICE DAY delivered the opinion of the Court.

This case is one of three consolidated on appeal here because of common questions of law relating to 1969 Perm. Supp., C.R.S. 1963, 13-5-30. See *Giron v. People,* 181 Colo. 205, 510 P.2d 316; *People v. Smith,* 181 Colo. 203, 510 P.2d 315; and *People v. Valdez,* 181 Colo. 206, 510 P.2d 317, announced this date.

For purposes of reference and application, the crime of driving under the influence of intoxicating liquor, proscribed by 1969 Perm. Supp., C.R.S. 1963, 13-5-30(1)(a), will be referred to as DUI or section (1)(a). It reads:

"It is a misdemeanor for any person who is under the influence of intoxicating liquor to drive any vehicle in this state."

The crime of driving while ability is impaired, proscribed by 1969 Perm. Supp., C.R.S. 1963, 13-5-30(1)(b), will be referred to as DWAI or section (1)(b). It reads:

"It is a misdemeanor for any person to drive any vehicle in this state while such person's ability to operate a vehicle is impaired by the consumption of alcohol."

Pertinent to proof of the charges are sections (2)(a), (b), (c), and (d) of 1969 Perm. Supp., C.R.S. 1963, 13-5-30, relating to tests and presumptions which arise on a showing of the amount of alcohol in a defendant's blood. 1969 Perm. Supp., C.R.S. 1963, 13-5-30(2)(e) provides:

"The limitations of this subsection (2) shall not be construed

as limiting the introduction, reception, or consideration of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor or whether or not his ability to operate a vehicle was impaired by the consumption of alcohol."

Thompson was the defendant in a trial in which he was charged and convicted of DUI. Defendant was also charged in a second count of DUI, second conviction. No evidence was presented by the People with reference to a chemical analysis of the defendant's blood, breath, or urine inasmuch as the defendant refused this test and the arresting officer abided by this refusal. Movies of the defendant and description of defendant's conduct and demeanor constituted the evidence of defendant's guilt.

The case was tried in the Denver county court. From the conviction therein, appeal was taken to the Superior court, where the judgment was affirmed.

The defendant raises three issues. (I) With respect to section (1)(a), it is contended the statute is unconstitutional because of vagueness and lack of standards; and (II) that the trial court erred in instructing the jury that DUI is established by intoxication to the "slightest degree," as set forth in *Snyder v. City and County of Denver,* 123 Colo. 222, 227 P.2d 341. The third issue as to whether DWAI is a lesser included offense in the charge of DUI has been resolved by agreement of the parties. The position of the District Attorney on behalf of the People is that DWAI is to be considered a lesser included offense of DUI if the evidence warrants. By our own analysis, we agree. *See Daniels v. People,* 159 Colo. 190, 411 P.2d 316.

I.

Defendant's first argument is that the statute is so vague, indefinite, and uncertain that, in the absence of chemical tests to establish intoxication, there are no reasonable ascertainable standards by which the guilt of an accused can be determined.

We disagree and hold that the statute, when read as a whole, provides standards sufficiently precise to inform the

defendant of the crime charged. Given the rebuttable presumptions if chemical analysis of a defendant's blood is taken or other evidence is offered, juries of common experience can determine whether one is substantially under the influence so as to be incapable of operating a vehicle safely, as distinguished from merely driving while ability is impaired.

██ From the application of general rules of statutory construction and the inferable intent of the legislature, it can be seen that by amending the original DUI statute the legislative policy of this state has been to create a graduated scale of penalties arising from driving an automobile after the use of intoxicants. The penalty and presumptions of 1969 Perm. Supp., C.R.S. 1963, 13-5-30, clearly show a legislative intent that subsection (1)(b) is a less serious offense than subsection (1)(a), and demonstrates that the legislature intended to establish two levels of prohibited conduct. *See* 2 *J. Sutherland, Statutes and Statutory Construction,* § 5608 (3rd ed. 1943) p. 62.

Prior to the numerous amendments occurring in the 1960's, DUI had been interpreted as an impairment to the "slightest · degree" by the consumption of alcoholic liquor. Specifically, in *Snyder v. City and County of Denver, supra,* we held:

"* * * A person 'is under the influence of intoxicating liquor,' as that phrase is used in the ordinance in question, when he has taken a drink of alcoholic liquor which affects him so that in the slightest degree he is less able, either mentally or physically or both, to exercise a clear judgment and with steady hands and nerves operate an automobile with safety to himself and to the public, and when this mental and physical condition exists after imbibing intoxicating liquor, even though the person has had only one drink thereof, he 'is under the influence of intoxicating liquor' as those words are used in the ordinance in question. * * *"

Certainly, in light of the 1969 amendments, there can be no level less than the "slightest degree" defined in *Snyder.* Anything less would constitute impairment by "no visible

means" and be subject to numerous constitutional objections.

■ One of the familiar rules of statutory construction was enunciated by this court in *Colorado v. Cooke,* 150 Colo. 52, 370 P.2d 896, wherein we stated:

"* * * [I] t is to be presumed that a legislature is cognizant of and adopts the construction which prior judicial decisions have placed on particular language when such language is employed in subsequent legislation. * * *"

This rule was reaffirmed in *Smith v. Miller,* 153 Colo. 35, 384 P.2d 738:

"* * * [I] t must be assumed that the legislature acted with full knowledge of relevant constitutional provisions, inherent judicial powers existing, and of previous legislation and decisional law on the subject; * * *"

■ The concept that prior case law may be looked to for determination of the meaning of the statute is not limited to the civil area. This court has clearly stated that "where the statute does not define a crime, but merely gives to it its common-law name or designation, resort must be had to the common law to ascertain what acts constitute the crime in question." *Koontz v. People,* 82 Colo. 589, 263 P. 19. *See also Allen v. People,* 175 Colo. 113, 485 P.2d 886; *Gallegos v. People,* 159 Colo. 379, 411 P.2d 956.

■ The legislature has recognized the above rules of construction and expressed its approval thereof in C.R.S. 1963, 135-1-2(1), wherein it states:

"All words and phrases shall be understood and construed according to the approved and common usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning, shall be construed and understood according to such peculiar and appropriate meaning."

■ Also of relevance in the construction of this statute is C.R.S. 1963, 135-1-4, wherein it states:

"*Re-enactments, how construed.* — The provisions of any law or statute which is re-enacted, amended or revised, so far as they are the same as those of prior laws, shall be construed as

a continuation of such laws and not as new enactments."
See also C.R.S. 1963, 135-1-8.

It would seem not only logical to conclude, but also legally mandated by the General Assembly, that the "slightest degree" definition established by the *Snyder* decision was in 1969 adopted by the legislature to apply to the offense of DWAI. Since the legislature has seen fit not to explicitly define impairment in section (1)(b), the conduct must be construed to embody the judicial interpretation found in *Snyder. See also Bushnell v. People,* 92 Colo. 174, 19 P.2d 197. *See generally Croswell v. People,* 74 Colo. 547, 223 P. 51; *Sheely v. People,* 54 Colo. 136, 129 P. 201.

Thus, having recognized that the legislature intended that the greater penalties should not be invoked against those who drive while their ability is merely impaired, it is implicit that for the greater offense of DUI in section (1)(a) the test is "substantially under the influence." Some guide to the degree is to be found in another misdemeanor created by the same statute and carrying the same penalties, to wit: 13-5-30(1)(c). It provides:

"It is a misdemeanor for any person who is an habitual user of or under the influence of any narcotic drug, or who is under the influence of any other drug to a degree *which renders him incapable of safely operating a vehicle, to drive a vehicle in this state. * * *"* (Emphasis added.)

In order to maintain consistency, and also give effect to the legislature's intent, we consider the standard of intoxication in prosecution of DUI cases to be of a similar substantial degree.

In summary, as a result of the 1969 amendments and recent case law, the *Snyder* definition should no longer be used as an instruction under section (1)(a) of 1969 Perm. Supp., C.R.S. 1963, 13-5-30. Rather the *Snyder* instruction, C.J.I. 11:18, is an effective means to charge the jury with respect to driving while ability is impaired and should only be used as such. Further, the jury should be instructed that in order for one to be found guilty of the charge of DUI the degree of influence must be substantial so as to render the

defendant incapable of safely operating a vehicle.

## II.

Application of the above interpretation to the instant situation requires that we reverse the conviction because of the failure of the court properly to instruct the jury.

Over the objection of the defendant, the trial court instructed as follows:

"You are instructed that a person is under the influence of intoxicating liquor when he has consumed a sufficient quantity of alcohlic beverage by reason of which he is less able than he ordinarily would have been either mentally or physically, or both to exercise a clear judgment and with steady hands and nerves operate an automobile with safety to himself and to others."

We consider this instruction too broad and not consistent with the distinctions in the 1969 amendments. The instruction does not recognize the two levels of intoxication created by the legislature and instead defines "under the influence" as encompassing an area of intoxication covered not only by the DUI section, but also by that portion of the statute directed to driving while impaired. It is, therefore, improper and error for an instruction to have been given which defines "under the influence" as meaning anything from the slightest to the greatest effect. Likewise, the jury should have been instructed on and given a verdict on DWAI as a lesser included offense.

## III.

To avoid uncertainty in the event of a retrial of this case, we note a further issue raised by defendant in this appeal.

Defendant contends that the trial court erred by admitting over the objection of the defendant the video portion of a movie film taken at the time of his arrest, showing his refusal to take some of the sobriety tests requested by the police and pictures of his going through one test later. The sound on the film had been ordered suppressed by the court because it revealed that defendant invoked his Fifth Amendment right to remain silent.

We hold the court did not err in admitting the film

without the sound. Not every type of evidence derived from the defendant is protected or privileged under defendant's right to not incriminate himself. After a thorough examination, we feel that, within the specific limitations of *Landford v. People,* 159 Colo. 36, 409 P.2d 829, and the general language of *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, it was proper for the trial court to have admitted the video tape.

Judgment is reversed and the cause is remanded for a new trial consonant with the views expressed herein.