648 So.2d 1244 (1995)
Brooks Wimbey McAdam, Petitioner,
v.
STATE of Florida, Respondent.
No. 94-02691.
District Court of Appeal of Florida, Second District.
January 20, 1995.
Michael J. Snure and David A. Henson of Kirkconnell, Lindsey and Snure, P.A., Winter Park, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for respondent.
ALTENBERND, Judge.
Brooks McAdam seeks certiorari review of the circuit court order affirming his second conviction for driving under the influence of alcohol. We deny the petition because Mr. McAdam's Colorado conviction for driving while ability impaired was sufficient for treatment as a prior similar alcohol-related conviction.
On September 25, 1992, Mr. McAdam was arrested for DUI in Polk County with a blood alcohol level of approximately .20%. He was convicted in county court. That conviction was affirmed by written opinion in the circuit court. Although he raises several arguments in this certiorari proceeding, only one warrants discussion.
In January 1991, Mr. McAdam was convicted in Colorado of "driving while ability impaired." Colo. Rev. Stat. § 42-4-1202(1)(b) (1990). This statute makes it illegal to drive when affected "to the slightest degree so that he is less able than he ordinarily would have been ... to exercise ... due care in the safe operation of a vehicle." Colo. Rev. Stat. § 42-4-1202(1)(g) (1990). In Colorado, there is a presumption that a driver whose blood alcohol level is over .05% and less than.10% commits this offense. Colo. Rev. Stat. § 42-4-1202(2)(b) (1990). Colorado has another offense of "driving under the influence" for a driver who is "substantially incapable" of safe operation of a vehicle. Colo. Rev. Stat. § 42-4-1202(1)(f) (1990). This offense is generally based on a blood alcohol level of .10% or greater.
Mr. McAdam argues that his Florida conviction should be sentenced as a first conviction because his prior offense in Colorado was the lesser of that state's alcohol-related offenses. In September 1992, section *1245 316.193(6), Florida Statutes (1991), provided, in part:
For the purposes of this section, ... a previous conviction outside this state for driving under the influence, driving while intoxicated, driving with an unlawful blood alcohol level, or any other similar alcohol-related or drug-related traffic offense, shall also be considered a previous conviction for violation of this section.
(Emphasis supplied.) Given the great variety of ever-changing statutes in the fifty states governing the problem of driving under the effects of alcohol, it is clear that the legislature intends this statute to include a wide range of foreign offenses as prior offenses. We agree with both the trial court and the circuit court that a Colorado conviction for driving while impaired, even if it is based on a blood alcohol level greater than .05% and less than .10%, is sufficiently similar to a section 316.193 conviction to allow its use as a prior conviction.
Petition for writ of certiorari denied.
QUINCE, J., concurs.
SCHOONOVER, A.C.J., concurs specially.
SCHOONOVER, Acting Chief Judge, concurs specially.
If the trial and circuit court holdings were based solely upon the holding set forth in the circuit court order that the appellant's DWAI conviction was based on a blood alcohol level of 0.05 percent and that this was the only evidence necessary to show that the appellant was acting under the effect of alcohol, I would not be able to agree that certiorari should be denied. Although the results of a blood or breath test may by itself establish a prima facie case of DUI in Florida, § 316.193(1)(a), Fla. Stat. (1991), and a prima facie case of DUI or DWAI in Colorado, Colo. Rev. Stat. § 42-4-1202(2)(b) and (c) (1990), a reading of 0.05 percent is not sufficient to do so in either state. In both Florida and Colorado, if it is established that 0.05 percent or less by weight of alcohol is in a person's blood or breath, it is presumed that the person is not under the influence of alcoholic beverages to the extent that his normal faculties are impaired. § 316.1934(2)(a), Fla. Stat. (1991); Colo. Rev. Stat. § 42-4-1202(2)(a). Accordingly, if the appellant had a blood alcohol level of 0.05 percent as found by the court, and not one in excess of that percentage, he could not have been found guilty of an alcohol related offense solely by reason of that test in Florida or in Colorado. Any conviction based upon that evidence alone would not have been sufficient to constitute a prior conviction for the purposes of enhancing his sentence, and the court would have been in error by doing so.
In this case, however, the appellant does not contend that he was not properly convicted of DWAI in the state of Colorado. He takes the position that the offense of DWAI is not a similar alcohol related offense under section 316.193(6), and therefore, his conviction of that offense may not be used as a predicate for an enhanced sentence. Based upon this position, I agree that certiorari should be denied.
The State of Colorado has two alcohol related offenses material to this proceeding. First, it is against the law to drive a vehicle in the state if a person is under the influence of alcohol. Colo. Rev. Stat. § 42-4-1202(1)(a). Driving under the influence is defined in part as a person having consumed alcohol to the extent that he is affected to a degree that he is substantially incapable, either mentally or physically, or both, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle. Colo. Rev. Stat. § 42-4-1202(1)(f). No one contends that a conviction for the violation of this statute would not be a conviction of a similar alcohol related traffic offense. Next, the State of Colorado has a lesser included offense referred to as Driving While Ability Is Impaired. Colo. Rev. Stat. § 42-4-1202(1)(b). See Thompson v. People, 181 Colo. 194, 510 P.2d 311 (Colo. 1973). Driving while ability impaired is partially defined as driving when a person has consumed alcohol which affects him to the slightest degree so that he is less able than he ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle. Colo. Rev. Stat. *1246 § 42-4-1202(1)(g). It is this offense that we are dealing with in this matter, and I agree that it qualifies as a similar alcohol related offense for the purpose of enhancing the appellant's sentence pursuant to section 316.193(6).
In the case of United States v. Walling, 974 F.2d 140 (10th Cir.1992), the court held that a Colorado DWAI conviction should be considered a similar offense under section 4A1.2 of the United States Sentencing Guidelines which requires consideration for sentencing under federal guidelines of convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known). The court held that the reference to similar offenses meant offenses involving driving and alcohol impairment. The court concluded that, at least under the United States Sentencing Guidelines, DWAI is clearly a similar offense to driving while intoxicated or under the influence, and that the existence of a more serious offense under Colorado law did not alter its analysis. I would reach the same conclusion in this case, and therefore, I agree that a DWAI conviction in Colorado is a similar alcohol related offense under section 316.193(6) and that the appellant's sentence was properly enhanced.