The PEOPLE of the State of Colorado, Petitioner–Appellee,

v.

Jeffrey HYNES, Respondent–Appellant.

No. 95CA1161.

Colorado Court of Appeals, Div. III.

April 4, 1996.

Daniel E. Muse, City Attorney, R.W. Hibbard, Assistant City Attorney, Denver, for Petitioner–Appellee.

Jeffrey R. Edelman, P.C., Jeffrey R. Edelman, Denver, for Respondent–Appellant.

Opinion by Judge PLANK.

This is an appeal of an order of the probate court certifying the respondent, Jeffrey Hynes, for long-term care and treatment pursuant to § 27–10–109, C.R.S. (1989 Repl. Vol. 11B). We affirm.

Respondent, a 40–year–old man, was found to be gravely disabled by mental illness in December 1994. Thereafter, in accordance with § 27–10–107, C.R.S. (1989 Repl.Vol. 11B), he was certified for short-term treatment and, later, extended short-term treatment. These certifications indicated that respondent would not participate in a voluntary program.

Prior to the expiration of respondent's short-term treatment, a petition seeking certification for long-term treatment was filed. At a hearing on the petition, the court denied respondent's request to assert the psychologist-client privilege and thereby exclude the testimony of his treating psychologist. Following the hearing, certification for long-term treatment of respondent was granted.

## I.

■ Respondent first contends that the probate court erred in not allowing him to assert the psychologist-client privilege set forth in § 13–90–107(1)(g), C.R.S. (1995 Cum. Supp.) to exclude his psychologist's testimony during the certification proceedings. We disagree.

*People v. District Court,* 797 P.2d 1259 (Colo.1990), thoroughly explored the interplay between the privilege set forth in § 13–90–107(1)(g) and the statutory scheme for the care and treatment of the mentally ill. In that case, the court held, in pertinent part, that during judicial review of a psychologist's certification for treatment:

> [T]he psychologist-client privilege created by § 13–90–107(1)(g) does not apply to information obtained and records prepared in the course of evaluating a person who has been involuntarily detained so long as the court conducting the judicial review determines that such information and records are necessary to an informed decision on whether the statutory conditions for certification have been satisfied....

*People v. District Court, supra,* 797 P.2d at 1265–1266.

The record reveals that the probate court determined that the exception to § 13–90–107(1)(g) set forth in *People v. District Court, supra,* applied and precluded respondent from asserting the psychologist-client privilege at the hearing. We agree with this analysis.

Although *People v. District Court, supra,* involved somewhat different facts, specifically, an emergency detention and short-term certification under §§ 27–10–105 and 27–10–107, C.R.S. (1989 Repl.Vol. 11B), the court's holding rests on an analysis of the structure and text of the statutory scheme for the care and treatment of the mentally ill which is set forth in §§ 27–10–101, et seq., C.R.S. (1989 Repl.Vol. 11B) and in particular, § 27–10–120, C.R.S. (1989 Repl.Vol. 11B). That section provides in pertinent part:

(1) [A]ll information obtained and records prepared in the course of providing any services under this article to individuals under any provision of this article shall be confidential and privileged matter. Such information may be disclosed only:

. . . .

(e) To the courts, as necessary to the administration of the provisions of this article.

Specifically, the *District Court* holding turns on the recognition that securing treatment which is suited to the needs of a particular person is an express goal of the legislation, that meeting this goal requires a thorough evaluation of a person's mental condition, and that, consistent with the authorization for limited disclosure set forth in the provision quoted above, under circumstances of involuntary detention, satisfying this goal requires a psychologist "to testify to observations concerning an involuntarily detained person." *People v. District Court, supra,* 797 P.2d at 1265.

This analysis is clearly applicable here where the record reveals that there is no dispute that respondent had been involuntarily detained for treatment during the six months which preceded the hearing. Observations and evaluations performed by his psychologist while he was detained were thus critical in obtaining a thorough evaluation of his mental condition and in determining the type of treatment best suited to his particular needs.

Accordingly, the probate court did not err in ruling that the exception to § 13–90–107(1)(g) set· forth in *People v. District Court, supra,* was applicable here to preclude respondent's assertion of the psychologist-client privilege.

■ Citing the rule of statutory construction set out in § 2–4–206, C.R.S. (1980 Repl. Vol. 1B), which provides that when two statutes are in conflict, the later in time prevails, respondent argues that the exception to § 13–90–107(1)(g) described in *People v. District Court, supra,* was nullified when this statute was amended in 1993. We disagree.

A comparison of the statutory language of § 13–90–107(1)(g) before and after 1993 reveals that the focus of the 1993 amendments was to extend the applicability of the privilege to other types of health care providers, not to alter the scope of the privilege. Indeed, the comparison reveals that there was no change in the language that the privilege embraces "any communication made by the client ... in the course of professional employment." *See* Colo. Sess. Laws 1993, ch. 105, § 13–90–107(1)(g) at 363.

■ The General Assembly is presumed to be aware of judicial precedent in a specific field when it enacts legislation in that same field. *Thompson v. People,* 181 Colo. 194, 510 P.2d 311 (1973). Thus, when a statute is amended, "the judicial construction previously placed upon the statute is deemed approved by the General Assembly to the extent that the provision remains unchanged." *Rauschenberger v. Radetsky,* 745 P.2d 640, 643 (Colo.1987). *See also* § 2–4–208, C.R.S. (1980 Repl.Vol. 1B). ·

Here, the failure of the General Assembly to change or add language in 1993 that would have extended the scope of the psychologist-client privilege to include the information and documents specifically construed in *People v. District Court, supra,* to be excluded from confidentiality pursuant to § 27–10–120(1)(e), is compelling evidence that the General Assembly did not intend these "communications" to come under the privilege of § 13–90–107(1)(g). *See generally Rauschenberger v. Radetsky, supra.*

Moreover, respondent's construction of § 13–90–107(1)(g) would mean that those professionals with the most recent and certainly the most extensive information regarding a person's mental condition would be unable to share this information with the court in its attempt to determine whether the needs of the person require certification for treatment or discharge therefrom. Such a construction is clearly contrary to the General Assembly's intent and, thus, cannot be sustained. *See* § 2–4–201, C.R.S. (1980 Repl. Vol. 1B); *People in Interest of K.M.J.,* 698 P.2d 1380 (Colo.App.1984).

## II.

 Next, respondent argues that the probate court abused its discretion in not appointing a guardian ad litem to represent his interests. We disagree.

Inasmuch as there is no authorization for such an appointment in § 27–10–101, et seq., C.R.S. (1989 Repl.Vol. 11B) except in instances of minority, and since respondent has failed to set forth any specific reasons for such an appointment in this case, we perceive no abuse of the court's discretion in denying this request. *See* C.R.P.P. 15.

The order is affirmed.

NEY and ROY, JJ., concur.