PER CURIAM.
Paul DiPietro seeks certiorari review of the circuit court’s order affirming the county court’s enhancement of his DUI conviction to a third DUI offense for sentencing purposes. Dipietro v. State, 15 Fla. L. Weekly Supp. 670a (Fla. Broward County 2008). Because the circuit court applied the correct law in concluding that petitioner’s two prior convictions in New York for driving while ability impaired (DWAI) qualified as prior offenses for purposes of imposing the enhanced penalties for a third alcohol-related driving offense under section 316.193(6), Florida Statutes (2003), we deny the petition.
On January 12, 2005, petitioner was arrested for Driving Under the Influence (DUI) in Broward County, Florida. He pleaded no contest to the charge in county court, reserving the right to appeal the trial court’s finding that petitioner’s two prior DWAI convictions in New York qual *881 ified as prior DUI convictions under section 316.193(6)(c).[1] Section 316.193(6) provides for increasingly severe mandatory penalties when a defendant has prior alcohol-related driving offenses. It states in relevant part:
[A] previous conviction outside this state for driving under the influence, driving while intoxicated, driving with an unlawful blood alcohol level, or any other similar alcohol-related or drug-related traffic offense, shall also be considered a previous conviction for violation of this section.
(emphasis supplied).
Petitioner argues that the circuit court applied the incorrect law when it relied on McAdam v. State, 648 So.2d 1244 (Fla. 2d DCA 1995), in determining that the prior New York convictions qualified as prior convictions for the purpose of enhancing petitioner’s sentence under section 316.193(6). McAdam involved a Colorado conviction for driving while impaired. The Second District held that this out-of-state conviction was sufficiently similar to a Florida conviction for DUI to allow its use as a prior DUI conviction for sentencing purposes, even though the Colorado conviction was based on a blood alcohol level greater than .05% and less than .10% and constituted a lesser offense of that state’s DUI offense. The court concluded that:
Given the great variety of ever-changing statutes in the fifty states governing the problem of driving under the effects of alcohol, it is clear that the legislature intends this statute to include a wide range of foreign offenses as prior offenses.
Id. at 1245.
Petitioner argues that the circuit court instead should have applied a decision of the Miami-Dade County Court, State v. Walker, 6 Fla. L. Weekly Supp. 226a (Fla. Miami-Dade County 1997), in reviewing this case.[2] In Walker, the county court compared the New York and Florida alcohol-related driving statutes and pointed out differences between the severity level of the offenses, the effect of the presumption arising from blood alcohol content, and other proof required for a conviction. The court concluded:
Because Florida’s presumption statute does not automatically “presume” guilt given a particular blood alcohol level and New York’s presumption statute does, this court finds that the offenses are not sufficiently similar to allow the Defendant’s New York conviction for DWAI to constitute a prior conviction for the purpose of categorizing the defendant’s Florida arrest as a “second” conviction, in the instant case.
Walker, 6 Fla. L. Weekly Supp. 226a, at 2.
Under the New York statute, the “driving while ability impaired” subdivision provides: “No person shall operate a motor vehicle while the person’s ability to operate such motor vehicle is impaired by the consumption of alcohol.” N.Y. Veh. & Traf. Law Art. 31, § 1192(1) (2006). The New York DWAI offense qualifies as “any other alcohol-related traffic offense” similar to the offenses listed in section 316.193(6); the listed offenses all involve operating a motor vehicle while impaired *882 by alcohol to some degree. As the Second District noted in McAdam, the Legislature intended the statute to include a broad range of out-of-state offenses as prior offenses for enhancement purposes. The Broward county and circuit courts properly relied on McAdam in determining that the New York DWAI offenses were sufficiently similar such that they could be used as prior convictions for enhanced sentencing under section 316.193(6).
The petition for writ of certiorari is DENIED.
GROSS, TAYLOR, and MAY, JJ., concur.

. See N.Y. Veh. & Traf. Law Art. 31, § 1192(1) (2006) (setting out the offense of DWAI in New York).

. In State v. Walker, 7 Fla. L. Weekly Supp. 171b (Fla. 11th Cir.Ct.1999), the 11th Judicial Circuit dismissed the state’s petition for cer-tiorari as premature, noting that the state could seek full review after sentencing under Florida Rule of Appellate Procedure 9.140.